## Wolcott S. Haviland v. Hiram Parker.

One whose property had been wrongfully taken from him, replevied it, but being nonsuited in the replevin suit, defendant had judgment against him for the value of the property. He then sued in trespass for the taking of the property, and it was held that he was entitled to recover in this suit not only damages for the detention of the property while defendant held it, but also its value as assessed in favor of defendant in the replevin suit.

*Heard October 9th. Decided December 6th.*

Case made after judgment from Livingston Circuit, where plaintiff had judgment.

*G. V. N. Lothrop*, for plaintiff.

*Wilcox & Waddell*, and *O. Hawkins*, for defendant.

MARTIN CH. J.:

This case comes up here for a review of the law and the facts. The action is trespass *de bonis asportatis*, to recover the value of a yoke of oxen, the property of the plaintiff, which the defendant as a tax collector seized for the tax of one Lewis J. Haviland. This plaintiff replevied the oxen from the defendant, but for some reason he was nonsuited in that case, and judgment given to the defendant for the value of the property. This action was then

brought, and it was submitted upon the following statement of facts:

"1st. That the yoke of oxen referred to in the declaration in this case was the property of the plaintiff.

2nd. That the defendant was the township treasurer of the township of Iosco· at the time the alleged trespass was committed, and by virtue of the warrant attached to the assessment roll of the said township of Iosco, levied upon and took into his possession, in the said town of Iosco, said yoke of oxen, for the non-payment of taxes assessed against one Lewis J. Haviland.

3d. That said yoke of oxen remained in the custody and possession of the defendant, and were detained from the plaintiff eight days, and that the damages of the plaintiff, for the detention of the said oxen eight days, was the sum of four dollars.

4th. That at the expiration of the said eight days, the plaintiff sued out a writ of replevin before·a Justice of the Peace of said county of Livingston, and replevied the said yoke of oxen, and the same were delivered to the plaintiff, and that said oxen have ever since remained in the possession of the said plaintiff, and were in the possession of the plaintiff at the time of the commencement of this suit.

5th. That before the return day of the said writ of replevin the said Lewis J. Haviland paid the taxes assessed against him, but did not pay the costs of the replevin suit.

6th. That on the return day of the said writ of replevin, the respective parties appeared before the Justice of the Peace who issued the same, and that thereupon such proceedings were had that the' defendant recovered a judgment of non-suit, before the said Justice, in said replevin suit, and the defendant, Parker, having elected to waive a return of the said property replevied, the said Justice of the Peace rendered a judgment in favor of the defendant and

against the plaintiff for the value of the property replevied, to wit: for the sum of sixty-five dollars damages, and the said defendant's costs of suit taxed at the sum of five dollars.

7th. That execution upon this judgment was stayed within five days after the rendition of the same, and that thereupon the said plaintiff brought this action of trespass."

Judgment was rendered below in favor of the plaintiff, for $65, being the value of the oxen, and $4, being for their detention eight days.

It is contended that the Court mistook the rule of damages, and that the damages should have been for the temporary detention only. We think not. The defendant had unlawfully taken the property of the plaintiff, and the judgment in the replevin suit determined nothing in regard to the title of the property. By taking and retaining the inequitable and unjust judgment in that suit, he absolutely converted the property as much as though he had sold it to a third party. The fact that Haviland got the property by replevin, does not avail to reduce the damages below its value, as the property, as said by the plaintiff's counsel, was so got by a new title, by actual purchase under the forms of law, and the wrong of the original taking and his right to redress for it were left unaffected.

The value of the oxen as ascertained in the replevin suit was properly considered by the Court, for no other evidence of value was offered; and indeed it may be said that the parties in their *agreed* statement of facts, have themselves affixed that value to them.

The damages given in this case are not, as seems to be supposed, exemplary damages for the unjust judgment obtained in the replevin suit, although, if that were the avowed reason, I would hesitate long before I disturbed it on that ground; but are to make the plaintiff good for

the actual damages he has sustained, by being compelled to pay for his own property to a trespasser.

The judgment is affirmed, with costs.

The other Justices concurred.