### DOUTHITT et al. v. FARRAR.

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1913. Rehearing Denied July 5, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR A NEW TRIAL.

Under Rev. Civ. St. 1911, art. 1612, as amended by Act April 4, 1913 (Acts 33d Leg. c. 136), providing that where a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated by filing assignments of error, etc., assignments contained in such motion cannot be disregarded because the assignments in the brief do not refer to the motion for new trial, as required by Court of Appeals Rule 25 (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR—BRIEFS.

Rev. Civ. St. 1911, art. 1612, as amended by Act April 4, 1913 (Acts 33d Leg. c. 136), providing that where a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated, does not supplant Court of Appeals Rule 29 (142 S. W. xii), requiring that assignments of error as the same appear in the transcript, shall be copied in the brief; and hence, where the assignments in the brief are not substantial copies of the assignments filed in the trial court, they will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

---

**3. APPEAL AND ERROR (§ 742\*)—ASSIGNMENTS OF ERROR—STATEMENT.**

An assignment of error, not followed by a statement as required by Court of Appeals Rule 31 (142 S. W. xiii), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dec. § 742.\*]

**4. APPEAL AND ERROR (§ 759\*)—ASSIGNMENTS OF ERROR—COPYING ASSIGNMENTS IN BRIEF.**

Court of Appeals Rule 29 (142 S. W. xii), requiring that the assignments of error, as the same appear in the transcript, shall be copied in the brief, does not require a literal copy but is satisfied by a substantial copy thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.\*]

**5. TRIAL (§ 194\*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

An instruction, in an administrator's action to recover certain property from the heirs of his intestate's deceased wife, that the jury should treat a certain house and lot in G. as the community property of the wife and her former husband, the undisputed evidence showing its acquisition during the marriage, and that its status as community property continued until the husband conveyed it to his wife, was erroneous as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.\*]

**6. APPEAL AND ERROR (§ 1064\*)—COMMUNITY PROPERTY—SEPARATE PROPERTY OF WIFE—SECRET TRUST—CREDITORS.**

Certain real property standing in the name of a wife was presumptively community property when she applied to plaintiff's intestate for a loan, ostensibly to purchase her husband's interest, they having become estranged. Intestate advanced the money without notice of a secret agreement between the husband and wife that the property should constitute her separate estate, she having agreed that intestate, in consideration of the advancement, should be the owner of the husband's interest, though the deed obtained from the husband was taken in the wife's name. *Held,* that since the wife's separate interest was in the nature of a secret trust which, while operative between herself and her husband, was invalid as to creditors or persons advancing money on the theory of the title being in the community, an instruction that the property should be treated as community property of the husband and wife, while erroneous as on the weight of the evidence, did not constitute prejudicial error under Court of Appeals Rule 62a (149 S. W. x), providing that a judgment shall not be reversed for error of law, unless it amounted to such a denial of appellant's rights as was reasonably calculated to cause the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.\*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit by A. P. Farrar, as administrator de bonis non of the estate of T. J. Farrar, deceased, against Dollie Douthitt and others, as heirs of Mattie Farrar, deceased. Judgment for plaintiff, and defendants appeal. Affirmed.

Callaway & Callaway, of Comanche, for appellants. Goodson & Goodson, of Comanche, for appellee.

CONNER, C. J. This suit was instituted by A. P. Farrar as administrator de bonis non of the estate of T. J. Farrar, deceased, against appellants as heirs of Mrs. Mattie Farrar, also deceased. It was alleged that T. J. Farrar and Mattie Farrar as husband and wife jointly owned the north half of block 1, Pavilion Park addition to the city of Comanche, and also two notes for $200 each, and certain household furniture of the value of $500. It was charged that the defendants had taken possession of all of the property described, and the administrator sought to recover one-half for the benefit of the estate. The appellee, as administrator, further alleged as an alternative ground of recovery, if for any reason it should be found that the lot and notes above described were not the community property of the said T. J. and Mattie Farrar at the date of their death, that the plaintiff was nevertheless entitled to recover $400 that had been advanced by T. J. Farrar to Mattie Farrar, under an agreement that Mattie Farrar would take title to certain property situated in Goldthwaite, Tex., in her own name, and hold it in trust to the extent of said $400, for the benefit of said T. J. Farrar; that the property first described had been purchased with the proceeds of the Goldthwaite property, afterwards sold; that the said Mattie Farrar had always recognized the trust alleged; and that the said T. J. Farrar after the purchase of the Comanche property had further paid thereon the sum of $113 out of his own separate estate. The plaintiff charged that the two said sums constituted an equitable lien upon the Comanche property, and he prayed in event he was denied a recovery of the undivided interest first sought that he have judgment for the said sums of $400 and $113, with a foreclosure of his equitable lien. The defendants present a number of demurrers, which it will not be necessary to notice, general and special denials, and specially pleaded that the Goldthwaite property had been owned and claimed by Mattie Farrar in her own separate right prior to her marriage with T. J. Farrar, and specially denied the agreement alleged by the plaintiff, under which it was charged T. J. Farrar had advanced to Mattie Farrar $400, and charged, if any such agreement in fact had been made, that it was void as against the statute of frauds, and but constituted a debt barred by limitation. It was further specially pleaded that the said north half of block 1, Pavilion Park addition to Comanche, had been the homestead of the said T. J. and Mattie Farrar at the time of their several deaths, and that the personal property was household and kitchen furniture exempt under the statute, and that therefore neither homestead nor personal property were recoverable at the suit of the administrator. The trial resulted in a verdict and judgment for the appellee for an undivided half interest in the north half of said block 1, Pavilion Park addition to

Comanche, and the said promissory notes and personal property, from which said judgment appellants have appealed, assigning various errors to the proceedings.

[1] Appellee has objected to every assignment of error that has been presented for a violation of rules 25 and 29 (142 S. W. xii), relating to assignments. Rule 25, as amended and promulgated by the Supreme Court on January 24, 1912, provides, among other things, that in order to be a distinct assignment of error the assignment "must refer to that portion of the motion for a new trial in which the error is complained of." Rule 29 requires that the assignment of error, as the same appears in the transcript, shall be copied in the brief. See 142 S. W. xii. While none of appellants' assignments refer to the motion for a new trial, where the error is complained of, as provided by rule 25, we must yet overrule this objection because (if for no other reason) of the effect, as we construe it, of the act of April 4, 1913 (Acts 33d Leg. c. 136), made immediately effective, amending article 1612, Revised Statutes 1911. The amended article provides, among other things, "where a motion for a new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error," etc. This amended article, relating as it does to a mere matter of procedure, is now in force. We, therefore, hardly feel justified in refusing to consider an assignment in the brief merely because it does not refer to an assignment in the record of doubtful or no legal standing.

[2] The amendment referred to, however, cannot be held to render rule 29 inapplicable, and, after careful comparison of appellants' several assignments of error as presented in the brief, we find but three that are even substantial copies of the assignments filed below. In one instance the assignment presented in the brief is made up of two of the assignments presented in the record. In other instances the assignments in the brief seem to be a general statement of the legal inference of the person preparing the brief, drawn from the several assignments in the transcript, intermixed with conclusions and arguments. We do not feel at liberty to disregard appellee's objections to the assignments, and must therefore in accordance with rule 29, sustain appellee's objections to appellants' first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth assignments.

[3] The eleventh and twentieth assignments must be disregarded because of an entire want of any statement following them, as is provided in rule 31 (142 S. W. xiii).

[4] This leaves but appellants' thirteenth assignment, which, while not a literal copy of the assignment in the record, is a substantial copy, which we think is all that should be required, and we will therefore consider it. The assignment is as follows: "The court erred in giving in charge to the jury the following instruction: 'You are instructed, therefore, in your deliberations to treat the house and lot in Goldthwaite as the community property of J. H. Hart and Mattie Hart, the undisputed evidence showing its acquisition during the existence of the marriage relation between said parties, and its status as community property continued up until J. H. Hart conveyed it to Mrs. Mattie Hart.' This charge was erroneous, and wholly a charge upon the weight of the evidence, in that it told the jury that the house and lots in Goldthwaite was the community property of J. H. Hart and Mattie Hart, when in truth and in fact the undisputed evidence shows that the said house and lots were the separate property of Mrs. Mattie Hart, and it was error for the court to assume or decide that the said undisputed evidence was untrue, and instruct them as above." We, think the assignment must be overruled as immaterial. It is undisputed in the evidence that the Goldthwaite property had been acquired during the marriage of J. H. Hart and Mattie Hart, the conveyance being made to the latter; J. H. Hart testifying that it was so done at his instance, and for the purpose of making it her separate property. It is further undisputed that later, and just prior to the marriage of T. J. Farrar, deceased, with Mrs. Mattie Hart, J. H. Hart and Mattie Hart had separated, and that. T. J. Farrar advanced to Mrs. Mattie Hart $400, which was forwarded to J. H. Hart in Oklahoma. J. H. Hart thereupon, for a recited consideration of $400, executed and transmitted to his wife, Mrs. Mattie Hart, a deed in terms conveying his interest in the Goldthwaite property, he testifying that the $400 was in fact for his interest in a certain photograph gallery operated by his wife, and not for his interest in the Goldthwaite lots, to which he never asserted any claim. In this condition of the evidence, and in continuation of the portion of the charge objected to, the court further instructed the jury as follows: "Now if you believe from the evidence in this case that at the time T. J. Farrar furnished to Mrs. Mattie Hart the $400 in question in this case, to pay J. H. Hart for his interest in the Goldthwaite house and lots, it was agreed and understood between the said T. J. Farrar and Mrs. Mattie Hart that he (T. J. Farrar) would thereby become the owner of J. H. Hart's interest in said property, though the deed thereto was taken in Mrs. Hart's name, and that thereafter said Goldthwaite house and lots were sold, and the proceeds of such sale invested in block 1, Pavilion Park addition in Comanche, Tex., then in the event you so find you will find a verdict for the plaintiff and award him a one-half interest in the property out of the Pavilion Park addition in Comanche in controversy, and

also award him a one-half interest in the proceeds of the R. O. Smith notes, and you may also award plaintiff a one-half interest in any personal property, household and kitchen furniture owned by Mr. T. J. Farrar and Mrs. Mattie Farrar as their community property at the time of his death."

[5, 6] The portion of the charge quoted in appellants' assignment, and objected to, we think very clearly upon the weight of the testimony, but we cannot say that the error is material under the issues submitted, and under the verdict of the jury. It must be noted that under the charge quoted the jury were in no event authorized to find for the plaintiff, as they did, for an undivided one-half interest in the Comanche lot, unless it was further found that at the time T. J. Farrar advanced to Mrs. Mattie Hart the $400, it was then "agreed and understood" between them that he, "T. J. Farrar, would thereby become the owner of J. H. Hart's interest in said property, though the deed thereto was taken in Mrs. Hart's name." The title to the Goldthwaite property was presumptively the community property of J. H. Hart and his wife, Mattie Hart, notwithstanding the fact that the deed had been made in her name, and there is nothing in the evidence tending to show that T. J. Farrar, at the time he made the advance of $400, had notice (if such was the fact) that J. H. Hart had caused the conveyance of the Goldthwaite property to be made to his wife with an intent that it should vest in her a separate interest in the property. Mrs. Hart's separate interest, therefore, was in the nature of a secret trust or equity that would, it is true, be fully operative as between herself and husband and others having notice, but which ought not to be held to bind a creditor, or one who advanced money upon the faith of the title being where the law apparently put it. See Stiles v. Japhet, 84 Tex. 91, 19 S. W. 450; Wallace v. Campbell, 54 Tex. 87. The verdict, as must be implied therefrom, establishes the agreement as alleged by appellee, at the time T. J. Farrar advanced to Mrs. Mattie Hart the $400 specified in the pleadings, that it was then agreed and understood between them that he should become the owner of J. H. Hart's interest in the Goldthwaite property, which was thereafter in terms conveyed to Mrs. Hart; and, it not appearing that T. J. Farrar at the time had any notice of the fact, if it was a fact, that Mrs. Mattie Hart had any separate interest in the Goldthwaite property, and, no other complaint of the judgment, or of the submission of the case, which we can notice having been made, we are unable to say that the error in the charge complained of constitutes reversible error under amended rule 62a (149 S. W. x), which provides that: "No judgment shall be reversed on appeal, and a new trial ordered in

any cause on the ground that the trial court. has committed an error of law in the course of a trial unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case."

It is accordingly ordered that the judgment be affirmed.