FORD MOTOR CO. v. FREEMAN et al. (No. 7161.)

(Court of Civil Appeals of Texas. Dallas. May 30, 1914. Rehearing Denied June 20, 1914.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REQUISITES—STATEMENTS.

Defendant assigned error to an instruction on the measure of damages; the only proposition urged thereunder being that the measure of damages for the conversion of personal property was the reasonable market value at the time it was converted, plus lawful interest from that date until the date of the trial, and no reference being made to the bill of exceptions in the statement, or in the proposition. *Held*, that the assignment was fatally defective, and could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

**2. APPEAL AND ERROR (§ 499*)—BILL OF EXCEPTIONS—RECORD.**

In order that an objection to an instruction may be reviewed, the record must show by bill of exceptions that objections to the charge were made before it was read to the jury, together with the court's action thereon, and objections not so presented will be deemed waived as provided by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

**3. APPEAL AND ERROR (§ 756*)—BRIEFS—REQUISITES.**

Where an objection urged to a paragraph of the court's charge was not shown by the briefs to have been made in the trial court and overruled, and a bill of exceptions reserved thereto, the Court of Civil Appeals would not search the record for a bill of exceptions, but would assume that none was taken, and that the objection was waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. § 756.*]

**4. BAILMENT (§ 32*)—CONVERSION BY BAILEE—MEASURE OF DAMAGES.**

Where defendant, having surrendered its lien on an automobile for repairs, thereafter peaceably obtained possession and refused to surrender the machine, unless the bill claimed was paid, an instruction that, if defendant had no lien at the time of seizure, plaintiffs were entitled to recover such sum as would reasonably compensate them for the deterioration, if any, of the automobile, and such further sum as would be a reasonable rental thereof from the date of seizure to the date of the trial, the total not to exceed $850, the amount demanded, and in addition thereto the jury should award possession of the machine to plaintiffs, or in lieu thereof its then reasonable market value, was proper.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 133; Dec. Dig. § 32.*]

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—OBJECTIONS.**

Assignments of error to which no statements are appended referring to the number of the bill of exception taken to the ruling objected to and assignments followed by no proposition cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**6. BAILMENT (§ 18*)—MECHANIC'S LIEN FOR REPAIRS—TERMINATION—VOLUNTARY SURRENDER.**

Where a mechanic employed to make repairs on an automobile voluntarily surrendered possession, without payment, in July, 1912, and the machine remained in the possession of the owner until December following, when it was voluntarily carried to the mechanic's place of business for other repairs, and, when the later repairs were finished and paid for, the mechanic refused to surrender the machine until the debt for the July repairs was paid, its lien for the earlier repairs was lost, though the rights of no third person had intervened.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. § 18.*]

**7. APPEAL AND ERROR (§ 757*)—ASSIGNMENTS OF ERROR—REQUISITES.**

Assignments of error that the court erred in refusing to give certain special charges requested, numbered 1 to 8, inclusive, were insufficient, where the brief did not disclose the charges, and made no reference to the page or pages of the transcript where they could be found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

**8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION—STATEMENTS.**

An assignment of error recited that the verdict was excessive, in that it authorized a recovery for an automobile of an aggregate of more than the value of the car itself, and also provided for the return of the car. The proposition was that, when an injured party finds that a wrong has been perpetrated on him, he must use reasonable means to arrest the loss; the only statement thereunder being that the controversy was over the question of the payment of a bill for repairs, claimed by defendant to be $59.29, the payment of which would have secured for plaintiffs the machine, they conceding that they owed at least $20 of that amount. Held, that the proposition was not germane to the assignment, and that the statement was not in support thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by W. M. Freeman and others against the Ford Motor Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

William H. Atwell, of Dallas, for appellant. D. A. Frank and Thomas, Milam & Touchstone, all of Dallas, for appellees.

TALBOT, J. In July, 1912, the appellees carried their automobile to appellant's repair shop to be repaired. The repairs were made, and a charge of $59.29 made therefor. Appellees claimed that this charge was exorbitant, and refused to pay it. Appellant, however, voluntarily gave possession of the automobile to appellees, who removed it from appellant's shop, and retained possession of it until December, 1912. At this time appellees again carried the automobile to appellant's place of business for repairs, and, notwithstanding the charges for the last repairs were paid, appellant refused to allow appellees to take the car away, or regain possession of the same, unless they would pay the bill for repairs made in July, 1912. Appellees refused to pay the July bill and sued out a sequestration, which was levied upon the automobile, and thereupon the appellant replevied the same by giving a replevin bond in the terms of the statute. Appellees then gave notice in writing to appellant that the automobile was used for business purposes, and of the damages which they claimed would accrue to them if the automobile should be held, and also made a legal tender to appellant of the amount which appellees claimed they owed for the July repairs. Appellant refused the tender, whereupon appellees again sued out a writ of sequestration, and appellant again replevied the automobile, and refused to allow appellees to take it, and has ever since continued to hold the automobile over the protest of appellees.

In their amended petition the appellees alleged, among other things, that the appellant forcibly took possession of their automobile, and without probable cause retained the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

same; that said automobile was in use by appellees in the delivery of dairy products in and about the city of Dallas, and that the delivery of milk by appellees to their customers in said city depended upon the possession of said automobile; that on account of the deprivation of the possession of their said automobile their dairy business had been greatly damaged; that the value of the use of said automobile since December, 1912, and the deterioration in the value of the same, was $850; and that the automobile, at the time the petition was filed, by reason of deterioration in value while in the possession of appellant, was only $150. They prayed judgment for $850, as damages in the use of the automobile and the deterioration of same since December, 1912, and for a return of said automobile, or for said $850, and the further sum of $150, the value of said automobile. On the same day the appellants filed their amended answer, alleging, among other things, that they claimed a lien upon the automobile for the July work to secure the sum of $59.29, and that when the appellees refused to pay the bill the appellants kept possession of the car, and that the car had been ever since, was at the time of the filing of the answer, and on all of the days intervening, subject to the possession and order of the plaintiffs upon the payment of said $59.29.

The case went to trial on December 16, 1913, and the jury rendered a verdict in favor of the appellees for the sum of $365 and the return of the automobile, or in lieu thereof the sum of $150. Judgment was rendered on the verdict in favor of appellees, and appellant appealed.

[1] The court charged the jury on the measure of appellees' damages as follows:

"But if you find that the defendant did not have a lien upon the said automobile at the time of its seizure, and that such seizure was wrongful, your verdict will be for the plaintiffs for such sum as will reasonably compensate them for the deterioration, if any, on their said automobile, from December, 1912, or date of seizure, to this date, and such further sum as under the evidence you may find to be a reasonable rental of said automobile from date of seizure of said automobile to this date, the total sum to be allowed not to exceed $850, and in addition thereto award the possession of said automobile to plaintiffs, or in lieu of said automobile such additional sum as you find said automobile now to be reasonably worth on the market, not to exceed $150."

This charge is complained of and made the basis of appellant's first assignment of error; the only proposition urged being that:

"The measure of damages for the conversion of personal property is its reasonable market value at the time it was converted, plus lawful interest from that date until the date of trial."

The consideration of this assignment is objected to by appellees on the ground that it is not briefed in accordance with the rules. This objection is well taken. A proposition without a sufficient statement cannot, under the rules and laws of this state, be considered; and a statement which fails to show

that objection was made to a charge given and complained of by appeal, and particularly one which fails to refer to a bill of exception, where a bill is required to preserve the point, giving the number of the bill or page where it can be found in the record, is insufficient. Ferguson v. Fain, 164 S. W. 1040; Stephenson v. Luttrell, 160 S. W. 666. In the last case cited it is said:

"No reference is made to a bill of exceptions in the twenty-third assignment of error, nor in the propositions and statement thereunder; and this court assumed, as it had a right to do, that there was no bill of exceptions. It is under no obligation to search through the statement of facts or other parts of the record to find bills of exception."

[2] As in the cases cited, no reference is made to a bill of exception in the assignment under consideration, nor in the proposition and statement thereunder. The assignment is not, therefore, entitled to consideration. The record must show by bill of exception that objections to the court's charge were made before it was read to the jury, and the court's action thereon, and objections not so presented, must be deemed to have been waived. Acts 33d Leg. c. 59; Johnson v. Hoover & Lyons, 165 S. W. 900.

[3, 4] If the objections now urged to the paragraph of the court's charge under consideration were made in the court below and overruled, and a bill of exception reserved thereto, it does not appear in appellant's brief in any manner. This being the condition of the brief, we are not required to search the record for a bill of exception, but may assume that none was taken, and the objection waived. The index to the transcript sent to this court shows that appellant, in the course of the trial, reserved 13 bills of exception, numbered from 1 to 13, inclusive, and to ascertain whether either one of these bills relates to the charge here complained of would require this court, beginning with No. 1, to examine each bill until such bill, if among the number, could be found. It is not incumbent upon us to do this. But, however, if we were disposed to consider the assignment, we are not prepared to hold that the court's charge on the measure of damages is erroneous. On the contrary, the correctness of the charge, as applied to the facts of this case, is sustained, it occurs to us, by the following authorities: Vernon's Sayles' Ann. Civ. St. 1914, arts. 7104, 7108; Craddock v. Goodwin, 54 Tex. 578; Moore, McKinney & Co. v. King, 4 Tex. Civ. App. 397, 23 S. W. 484; Haviland v. Parker, 11 Mich. 104.

[5] The consideration of appellant's second, third, fourth, fifth, and sixth assignments of error, which complain of the admission of certain testimony, is also objected to by appellees because not briefed in accordance with the rules, and the objection should be sustained. There is no statement whatever made in support of the third and fifth assignments, and neither statement under the

other assignments refers to the number of the bill of exception taken, if any, to the admission of the testimony therein complained of, or the page of the transcript where such bill could be found. Indeed, neither of the statements shows that any bill whatever was reserved to the action of the court in admitting the testimony. The second assignment and proposition thereunder relate to the admission of testimony showing the rental value of appellees' automobile during the time it was detained by appellant; while the statement made in support of the assignment and proposition relates solely to the value of the automobile, its purchase price, its value at the time it was taken and at the time of the trial. The sixth assignment is subject to the further criticism that it is followed by neither proposition nor statement.

[6] The eleventh assignment challenges the correctness of the following paragraph of the court's charge, namely:

"You are instructed that if you believe from the testimony that defendant did certain work as claimed by it upon the said automobile, but that said work was done in July, 1912, and that said defendant voluntarily gave up possession of said automobile in July, 1912, and said automobile was in the possession of the plaintiffs from July to December, 1912, the defendant would have lost any lien it had, and would not be entitled to hold said automobile from the plaintiffs, and its seizure, if you so find, would be illegal."

The proposition urged under this assignment is that:

"The mechanic's lien given by the statute of Texas is alive and may be asserted at any time possession of the article is secured, provided the interest or title of no third party intervenes or is transgressed."

It appears, without contradiction, that on July 12, 1912, appellant voluntarily and unconditionally gave possession of the automobile in question to appellees, and the same remained in possession of the latter until December, 1912, when it was voluntarily carried by appellees to appellant's place of business for other repairs. When these repairs were finished and paid for by appellees, appellant refused to allow appellees to have their automobile, holding same under a lien claimed because of the debt for repairs made in July, 1912. These being the facts, appellant had lost any lien it may have had under the statute for the repairs made in July, 1912. It was so held upon a similar state of facts in the case of Caldwell v. Auto Sales & Supply Co., 158 S. W. 1031, by the Court of Civil Appeals of the Third District: In that case Mr. Justice Rice, speaking for the court, said:

"The right on the part of appellees to retain possession of said machine for their charges thereon depends upon articles 5665, 5666, Rev. Stat. 1911, and articles 3320 and 3321, Rev. Stat. 1895. If they had previously, voluntarily, and unconditionally surrendered possession of the machine to appellant, they lost their lien and were not entitled to hold possession thereof, and their subsequent coming into possession of the machine, under the circumstances above indicated, would not revive their right under the statute."

This case is against the contention of appellant that the lien would be revived if no interest of a third party intervened between the time the lienor lost and regained possession of the automobile, for it appears that the automobile was delivered to Caldwell and remained in his possession without the intervention of any interest whatever of a third party, just as in the case at bar, and notwithstanding that fact the court held that the subsequent possession of the lienor did not revive the statutory lien.

[7] The twelfth assignment is objected to, and not entitled to consideration. It complains that the trial court erred in refusing to give special charges requested by the defendant, numbered 1 to 8, inclusive. What these charges were is not disclosed by the brief, and no reference to the page or pages of the transcript where they may be found is given. In fact the assignment is not followed by any statement whatever in support thereof, nor is it followed by any proposition, and just what error or errors is complained of, or what we are called upon to decide, does not appear.

[8] The thirteenth and last assignment of error is as follows:

"The verdict is excessive, in that it authorizes a recovery from this defendant of an aggregate of more than the value of the car itself, and also the return of the car."

The proposition is:

"When an injured party finds that a wrong has been perpetrated upon him, he should use all reasonable means to arrest the loss. He cannot stand idly by and permit the loss to increase, and then hold the wrongdoer liable for the loss which he might have prevented."

This assignment is also objected to because not briefed in accordance with the rules. This objection is well taken. The proposition is not germane to the assignment, and there is no such statement, as is required by the rules, made in support of the assignment. The only statement made is as follows:

"There is no controversy over the question that the payment of the bill claimed by the defendant, to wit, $59.29 for repairs, would have secured for the plaintiffs their automobile. They conceded they owed at least $20 of the amount."

The evidence, however, discloses that the verdict is not excessive. At least we would not be authorized to hold that it is.

The judgment is affirmed.