FT. WORTH & R. G. R. CO. v. PAXTON.
(No. 1452.)

(Court of Civil Appeals of Texas. Texarkana. April 8, 1915.)

APPEAL AND ERROR ☞549—BILLS OF EXCEPTIONS—NECESSITY FOR REVIEW.

Where the record contains no bills of exceptions as expressly required by the statute as a prerequisite to consideration of objections to the charge and refusals to charge, the assignments of error relating thereto are not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2441–2451; Dec. Dig. ☞ 549.]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Hill Paxton, by next friend, Mrs. Ira E. Harris, against the Ft. Worth & Rio Grande Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, and Brooks & Worsham, of Dallas, for appellant. Carden, Starling, Carden, Hemphill & Wallace and E. Sewell, all of Dallas, for appellee.

HODGES, J. Hill Paxton, by his next friend, Mrs. Ira E. Harris, recovered a judgment in the court below against the appellant for the sum of $600 for personal injuries resulting from the alleged negligence of the appellant's servants in directing him to get out of a freight car in which Paxton had been riding. The facts show that Paxton was a boy about 13½ years of age and of average intelligence; that he was at Stephensville, some distance west of Ft. Worth, and desired to go to Dallas; that, instead of taking passage on one of the appellant's regular passenger trains, he entered into a contract with a brakeman by which he was to ride to Ft. Worth upon the payment of 75 cents to the brakeman. The money was paid. Paxton rode with an older companion in the car until they reached the railway yards in the city of Ft. Worth. Paxton testifies that some one came to the car door, opened it, and told him to get out; that this party was a railway employé. He did not know whether it was the same brakeman to whom he had paid the money or not. He states that the place where he was required to alight was on an embankment over a culvert; and that, after he got out of the car, by reason of stepping on some cinders he was caused to slide or fall down the embankment, and sustained a break of the leg. There was considerable conflict in the testimony as to whether or not the injury occurred just as detailed by Paxton. There was evidence tending to show that the agreement with the brakeman was a collusion between the latter and Paxton to perpetrate a fraud upon the railroad company. While Paxton admitted that he knew the regular fare from Stephensville to Ft. Worth was something over $2, he testified that he did not know that it was wrong to ride in the freight car under the circumstances existing in this case. The contention is made that he was too young to appreciate and understand the moral character of his agreement with the brakeman.

There are several assignments of error, all of which complain of different portions of the court's charge and of the refusal of the court to give special charges. The record contains no bills of exception, as is required by the Acts of the Thirty-Third Legislature, as a prerequisite to the consideration of such objections in this court. There is in the record an instrument purporting to embody

the objections made in the court below to the charge given and exceptions to the refusal to give the special charges requested; but this instrument is not authenticated in the manner necessary to entitle it to be considered as a bill of exception. Railway Co. v. Wadsack, 166 S. W. 42; Ford Motor Co. v. Freeman, 168 S. W. 80; Railway Co. v. Culver, 168 S. W. 514.

We have examined the record, and fail to discover any fundamental errors which would require a reversal of the judgment; and it is accordingly affirmed.