W. H. NORRIS LUMBER CO. v. HARRIS.†
(No. 5491.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1915. Rehearing Denied June 25, 1915.)

1. LOGS AND LOGGING ☞3 — CONTRACTS — ACTION FOR BREACH—SUFFICIENCY OF EVIDENCE.

In an action to recover money advanced to defendant, under a contract by which plaintiff was to market defendant's stock of lumber and the output of his mill for one year, and to advance money to carry on defendant's business, on defendant's order, when necessary for his pay rolls, etc., in which defendant by cross-action set up the contract, and alleged plaintiff's breach thereof to his damage, evidence *held* sufficient to show that plaintiff's refusal to comply with the terms of its contract had damaged defendant in the sum of at least $7,000, the amount found by the jury.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. ☞3.]

2. APPEAL AND ERROR ⊜⇒742—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In an action to recover money advanced on a lumber contract, wherein defendant by cross-action claimed damages for plaintiff's breach, and there was an affirmative verdict for defendant, an assignment of error "because the verdict of the jury is not sustained by sufficient evidence," followed by the proposition that "the evidence does not show there was a breach of the contract on the part of the plaintiff," did not require the appellate court to search the record to find some error which the assignment failed to indicate; and an assignment of error "because there was no competent evidence in the record to support a finding for damages in favor of the defendant and against this plaintiff on his cross-action," followed by a proposition that "no evidence was presented or offered showing damages that are recoverable for the alleged breach of the contract," was too indefinite to inform the court as to the respect in which the plaintiff desired to attack the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⊜⇒742.]

3. DAMAGES ⊜⇒40 — BREACH OF CONTRACT — PROFITS.

Profits of a lumbering business to be conducted by defendant, and which were in the contemplation of the parties when plaintiff's contract to advance money to carry on the business was executed, and which the evidence shows would probably have accrued from the contract if it had not been breached by plaintiff, were recoverable by defendant.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. ⊜⇒40.]

4. APPEAL AND ERROR ⊜⇒757—ASSIGNMENTS OF ERROR— MOTION FOR NEW TRIAL.

Assignments of error not shown by the brief to have been embodied in the motion for a new trial will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. ⊜⇒757.]

5. APPEAL AND ERROR ⊜⇒742—ASSIGNMENTS OF ERROR—STATEMENT.

References to a statement of facts do not constitute statements under the assignments of error within the requirements of the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⊜⇒742.]

Error from District Court, Trinity County; S. W. Dean, Judge.

Action by the W. H. Norris Lumber Company against J. R. Harris, with cross-action by defendant. Judgment for defendant, and plaintiff brings error. Affirmed.

N. C. Abbott, of Houston, and R. E. Minton, of Groveton, for plaintiff in error. C. W. Nugent, of Conroe, and Nelms & Platt, of Groveton, for defendant in error.

FLY, C. J. This is an action instituted by plaintiff in error against defendant in error, the parties being designated herein as plaintiff and defendant, to recover the sum of $2,-206.94, alleged to be money advanced to defendant under the terms of a certain contract by which plaintiff obligated itself to market the entire stock of lumber then on hand and the output of defendant's mill for a period of one year from January 1, 1914; that by said contract plaintiff agreed to advance to defendant the money necessary to carry on

his business, not to exceed $7,500 at any one time, $3,500 of which was to be advanced at the date of the contract, and $2,500 to take up a note which defendant owed, said money to be advanced only when necessary, and on the order of defendant, "none to be drawn except where absolutely necessary to pay the pay rolls and commissary bills." Plaintiff also alleged a breach of the contract on the part of defendant on his refusal in September to deliver the lumber to plaintiff as stipulated in the contract. A lien on all of defendant's property was alleged, and foreclosure of the lien was prayed for by plaintiff.

Defendant set up a cross-action against plaintiff alleging the execution of the contract on or about December 27, 1912; that defendant was operating a sawmill and planer and a tramroad, with which to haul logs from the forest to the mill; that said mill could not be successfully operated without the aid of said tramroad and the rolling stock thereon; that said mill was being operated successfully, and so long as plaintiff complied with its contract, that is, until about May 1, 1913, defendant made an average profit of $1,000 a month; that said contract was made because defendant needed financial assistance to operate his mill and lumber business; that it was intended by said contract that plaintiff would furnish the funds necessary to run said business for one year, not exceeding at any one time $7,500, which plaintiff failed and refused to do, and deliberately breached the contract, to defendant's damage in the sum of $7,000, less the sum of $2,206.94, which defendant owed plaintiff. He prayed for judgment for $4,793.06, with interest from December 27, 1913, at the rate of 6 per cent. per annum. The cause was submitted to the jury on special issues, as follows:

"No. 1. Did the plaintiff herein, the W. H. Norris Lumber Company, keep the defendant, J. R. Harris, supplied with orders during the life of the contract pleaded?

"No. 2. Did the plaintiff, the W. H. Norris Lumber Company, advance to the defendant, J. R. Harris, such sums of money as was needed by him properly to carry on his business from the 1st day of January, 1913, to the 31st day of December, 1913, and did the said W. H. Norris Lumber Company advance to the said J. R. Harris, when necessary, upon the order of said J. R. Harris, amounts absolutely necessary to pay the pay rolls and commissary bills, keeping such indebtedness within the sum of $7,500 at all times, and notice of the plaintiff to defendant on demand to advance that it would not furnish necessary money or any money for labor for removing the tramroad was equivalent to refusing to furnish money for a pay roll already made or incurred?

"No. 3. If you answer the two foregoing special issues in the affirmative, then you need answer no further, but, if you answer either or both of the foregoing special issues in the negative, then you will answer the following special issue: What, if anything, do you find that the defendant, J. R. Harris, had been damaged by the breach of said contract as pleaded by him, and established by the preponderance of the testimony?"

The first and second issues were answered in the negative, and the answer to the third was $7,000. On those findings the court rendered judgment for defendant in the sum of $4,793.06.

[1] On December 27, 1912, plaintiff and defendant entered into a contract, in substance that plaintiff bound itself to receive and market the lumber on hand and the entire output of defendant's mill for one year from January 1, 1913, agreeing to pay therefor the full market price, less $1,50 per 1,000 feet, which plaintiff was to retain for its services, to keep defendant supplied with orders, and to advance to defendant such sum of money as may be needed to carry on his business, not exceeding at any one time $7,-500, in sums as follows: $3,500 cash on execution of the contract, $2,500 during February, 1913, to pay a note which defendant owed a bank, the note to be assigned to the plaintiff; the balance of the $7,500 to be advanced when necessary on the order of defendant, "stating object and purpose thereof, with the understanding that none should be drawn except where absolutely necessary to pay pay rolls and commissary bills." In the prosecution of the lumber business, about June 1, 1913, it became necessary to move the tramroad, which led to territory denuded of timber, to other timber, at an expenditure of $750. Plaintiff refused to advance that sum of money. At that time defendant had on hand 700,000 feet of lumber, of which 500,000 was in condition for market. Plaintiff gave only three orders for lumber in June, and the only advance made by it after June 1st was $400. No lumber was manufactured after June 1st by defendant, because of the refusal of plaintiff to advance the money to move the tramroad. Defendant could have moved the road with no expenditure of money, except the pay of the men who moved it; no additional material being needed. Defendant had a sufficient supply of timber to manufacture lumber for the remaining seven months of the year, but could not run his mill, because plaintiff failed and refused to advance the money, as it had contracted to do. Defendant had not exceeded the $7,500 contract limit. Defendant had no money, and could get none, because plaintiff had a mortgage on all his property. Defendant fully complied with all the terms of the contract. The average profit of defendant during the five months of 1913, was $1,000 a month, and he would have made at least that much for the remaining seven months if plaintiff had not breached the contract. Plaintiff fully understood all matters appertaining to defendant's business, and knew that he would be compelled to move the tramroad, which was the only means for conveying the logs to the mill. The evidence was sufficient to show that plaintiff's refusal to comply with the terms of its contract damaged defendant in the sum of at least $7,000, the amount found by the jury.

[2] The first assignment of error is:

"Because the verdict of the jury is not sustained by sufficient evidence."

That is as general as an assignment of error could well be, and yet not more so than the only proposition, which is:

"The evidence does not show there was a breach of the contract on the part of the plaintiff."

No intimation whatever is given in the assignment of error or proposition as to the particulars in which the evidence fails to show a breach of the contract. No duty devolves upon an appellate court to search the record to find, perchance, some error which the plaintiff fails to indicate.

The second assignment of error is:

"Because there was no competent evidence in the record to support a finding for damages in favor of the defendant, and against this plaintiff, on his cross-action."

The elucidation of this indefinite assignment of error by proposition is:

"No evidence was presented or offered showing damages that are recoverable for the alleged breach of the contract."

What point as to the evidence is desired to be presented by that proposition? In what respect did the evidence fail to show damages recoverable for a breach of the contract? Is the attack made upon the sufficiency of the evidence to show damages, or did it show damages which did not proximately result from the breach? Or was there a failure to prove a proper measure from which damages could be calculated? This court does not know in what respects plaintiff desires to attack the verdict in the two assignments of error, but from a consideration of the evidence has reached the conclusion that the evidence showed a breach of the contract, and that the damages found by the jury resulted therefrom.

[3] The third assignment of error is overruled. There was no uncertainty as to the damages sustained by defendant. Profits, of which a person has been deprived by the fault of another, are not always speculative and remote, but in certain instances form a firm and enduring base for a claim for damages. Clearly the profits out of the business to be conducted by defendant were in contemplation of the parties when the contract was executed. There could have been no other valid reason for making the contract, and, if plaintiff by its breach of the contract destroyed the profits which the evidence shows would probably have accrued from the contract, defendant should recover. Calvit v. McFadden, 13 Tex. 326; Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Fraser v. Chalmers, 9 Tex. Civ. App. 210, 28 S. W. 714; Henry v. McCardell, 15 Tex. Civ. App. 497, 40 S. W. 172; Howard v. Stillwell Mfg. Co., 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147; Weston v. Railway, 190 Mass. 298, 76 N. E. 1050, 4 L. R. A. (N. S.) 569, 112 Am. St. Rep. 330, 5 Ann. Cas. 825; Wells v. Associa-

tion, 99 Fed. 222, 39 C. C. A. 476, 53 L. R. A. 33, and notes.

In the cited case of Howard v. Stillwell, the Supreme Court, after stating that, as a general rule, profits prevented by a breach of a contract cannot be recovered, held:

"But it is equally well settled that the profits which would have been realized had the contract been performed, and which have been prevented by its breach, are included in the damages to be recovered in every case where such profits are not open to the objection of uncertainty or of remoteness, or where from the express or implied terms of the contract itself, or the special circumstances under which it was made, it may be reasonably presumed that they were within the intent and mutual understanding of both parties at the time it was entered into."

In the present case there can be no doubt that profits arising out of the business of manufacturing lumber were within the intent and mutual understanding of plaintiff and defendant. If, as the United States Supreme Court holds, the recovery of profits is permitted only in certain cases which are exceptions to the general rule, the facts of this case bring it clearly within the compass of the exception.

The Arkansas case of Ford Lumber·Company v. Clement, 97 Ark. 522, 135 S. W. 343, was one involving a lumber contract, and the court, in affirming a verdict of $9,000 based on lost profits, held:

"Where plaintiff entered into a contract to perform certain work for the defendant, which he was prevented from doing by the fault of defendant, plaintiff is entitled to recover the profits which the evidence makes reasonably certain that ·he would have made had defendant carried out its contract."

The evidence in that case as to the profits was no clearer nor more satisfactory than in this.

[4, 5] The assignments of error from the fourth to the twenty-second, inclusive, are prepared without any consideration for rules whatever. If either of them were embodied in the motion for new trial, the brief fails to indicate it, and there is not a statement made under either of the assignments of error that complies with the requirements of the rules. References to a statement of facts do not constitute statements under the assignments. The assignments will not be considered.

The judgment is affirmed.