TEXAS GRAIN & ELEVATOR CO. et al. v. DYER. (No. 8313.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 29, 1916. On Motion for Rehearing, Feb. 26, 1916.)

1. APPEAL AND ERROR &#9090;743(1) — ASSIGNMENTS OF ERROR — REFERENCE TO TRANSCRIPT—NECESSITY.

Where the statements under assignments of error made no reference to the portion of the transcript containing a record of the alleged error complained of, such assignments could not be considered, not being briefed as required by the rules of the Courts of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2999; Dec. Dig. &#9090;743(1).]

On Motion for Rehearing.

2. APPEAL AND ERROR &#9090;743(1) — ASSIGNMENTS OF ERROR—REFERENCE TO RECORD—STATUTE.

Where the statement of appellants' assignment of error based upon the trial court's failure to submit the case upon special issues made no reference to the record, except the expression "(See defendants' bill of exception, No. 3)," neither the assignment, the proposition, or the statement showing that any issues of fact were presented by the pleadings and evidence which were not submitted to the jury by special issues, such assignment was insufficient and could not be considered, under rules 30, 31, for the Courts of Civil Appeals (142 S. W. xiii), providing that each point of each assignment shall be stated as a proposition, unless the assignment itself sufficiently discloses the point, in which event it shall be sufficient to copy the assignment, and that to each proposition there shall be subjoined a brief statement of the proceedings, with a reference to the pages of the record, etc. (Acts 33d Leg. c. 136, § 1 [Vernon's Sayles' Ann. Civ. St. 1914,

art. 1612]), providing that an assignment of error shall be sufficient which directs the attention of the court to the error complained of not having abrogated the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2999; Dec. Dig. &#9090;743(1).]

3. TRIAL &#9090;352(1)—SUBMISSION ON SPECIAL ISSUE—GENERAL CHARGE.

Where, under the pleadings, the only issue of fact to be submitted to the jury was upon defendant's verified plea of privilege, the charge, though general in form, which involved only such single issue of fact, whether the defendants when they made the contract in suit intended to take the hay contracted for and pay for the same so that they were not guilty of fraud, was in effect a submission upon special issues, the finding of the jury under it being determined by the one issue of fact, and decided adversely to defendants by their verdict for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 840; Dec. Dig. &#9090;352(1).]

Appeal from Erath County Court; A. P. Young, Judge.

Suit by H. L. Dyer against the Texas Grain & Elevator Company and others in the alternative. From a judgment for plaintiff, defendants appeal. Affirmed.

Hickman & Bateman, of Dublin, for appellants. E. E. Solomon, of Dublin, for appellee.

BUCK, J. Suit was filed in the justice court of Erath county by H. L. Dyer against the Texas Grain & Elevator Company of Ft. Worth, alleged to be a corporation, and, in the alternative, against E. M. and G. H. Rogers, alleged to be a partnership and doing business under the name of said Grain & Elevator Company. The plaintiff alleged the cause of action to be by reason of the breach of two contracts in writing entered into by and between plaintiff and defendants, (1) for the delivery at Mangum, Tex., on October 1, 1914, of 50 tons of Johnson grass hay, and (2) for the delivery at Dublin, Tex., on November 3, 1914, of 30 tons of hay, all at $8 a ton, said hay to be shipped in accordance with instructions from defendants. That plaintiff was at all times ready and willing to deliver said hay, and so advised defendants, but that defendants failed and refused to give any instructions for shipping, or to receive or pay for said hay. That because of said breach by defendants, and by reason of the decline of the market price of hay, plaintiff was forced to sell said 80 tons of hay on November 12, 1914, at $6 a ton. Plaintiff's suit for damages included $2 a ton loss, or $160, $10 for storage, and $10 attorney's fees.

Defendants, both in the justice court and in the county court, to which an appeal was taken by them, after alleging that the Texas Grain & Elevator Company was not a corporation, but a partnership, composed of said E. M. and G. H. Rogers, submitted their verified plea of privilege to be sued in Tarrant county where it was alleged both resided.

In answer to the plea of privilege, plain-

tiff pleaded, (1) that the contract was in writing and to be performed in Erath county, and (2) that the defendants were guilty of fraud and deceit, committed in Erath county, in that they never intended, even at the time of making the contract, to comply therewith and pay for said hay, in case the market should decline. This latter ground only of said plea was submitted to the jury, which found in favor of plaintiff "on the issue of defendant's right to be sued in Tarrant county"; and the jury also found, under peremptory instructions, subject to the plea of privilege, for plaintiff, on the issue of damages, for $160. Defendants appeal.

[1] Appellee objects to the consideration of any one of the 17 assignments contained in appellants' brief because they are not briefed as required by the rules, in that in the statements thereunder no reference is made to the portion of the transcript containing the record of the alleged error of which complaint is made. For instance, in their first assignment, complaining of the action of the court in overruling defendants' application for a change of venue, and their plea of privilege to be sued in Tarrant county, appellee calls our attention to the fact that "neither the assignment nor the statement refers to that part of the record containing such plea, if there was any, or to the court's judgment thereon, if there was a judgment against the plea." In the second assignment, urging that the verdict of the jury is contrary to the evidence on the issue of fraud, which is one of the grounds pleaded by plaintiff to sustain the venue in Erath county, there is no reference to that portion of the motion for new trial complaining of the alleged error.

We believe that the objections by appellee to the consideration of the assignments in this form and condition should be sustained. Farthing Lumber Co. v. Illig, 179 S. W. 1092; Norris Lumber Co. v. Harris, 177 S. W. 515; Anderson et al. v. Jackson, 168 S. W. 54; Taylor v. Butler, 168 S. W. 1004; Heath v. Huffhines, 168 S. W. 974; Ford Motor Co. v. Freeman, 168 S. W. 80.

There being no fundamental error manifest of record, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

[2] In their motion appellants insist strenuously that we erred in refusing to consider the assignments because of defective briefing, and specially do they urge that as to the sixteenth assignment the statement thereunder is sufficient. This assignment is based upon the court's failure to submit the case upon special issues. In the statement thereunder no reference is made to the record at all, except the expression "(See defendants' bill of exception No. 3)." It is not shown either in the assignment, the proposition, or the statement that any issues of fact were presented by the pleadings and evidence which were not submitted to the jury as separate issues. This character of statement has been held insufficient to require consideration in Childress v. Robinson, 161 S. W. 78, and Mitchell et al. v. Robinson, 162 S. W. 443. In both of these cases it was stated that the act of the Thirty-Third Legislature (chapter 136, p. 276; article 1612, Vernon's Sayles' Ann. Civ. St. 1914), which provides that an assignment of error "shall be sufficient which directs the attention of the court to the error complained of," does not, and was never intended to, abrogate rule 30 (142 S. W. xiii), which, in part, is as follows:

"Each point under each assignment shall be stated as a proposition, unless the assignment itself may sufficiently disclose the point, in which event it shall be sufficient to copy the assignment"

—and rule 31 (142 S. W. xiii), which, in part, provides:

"To each * * * proposition there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing with it arguments, reasons, conclusions, or inferences."

See Douthitt v. Farrar, 159 S. W. 182.

[3] But even if the question of defective statement should be waived and we should give this assignment consideration, we think it should be overruled on its merits. Defendants filed no pleadings in the case except their plea of privilege to be sued in Tarrant county. They introduced no evidence as to the merits of plaintiff's claim. Hence, the only issue of fact to be submitted to the jury was upon defendants' verified plea of privilege, as supported by the testimony of J. B. Rogers, father of the defendants. Upon this plea the court charged the jury as follows:

"The law provides that no person who is an inhabitant of this state shall be sued out of the county or precinct in which he has his domicile, except, among other cases, in all cases of fraud, in which case suit may be brought in the county in which the fraud was committed.

"If you believe from the evidence in this case that the defendants, under the name of the Fort Worth Mill and Elevator Company, made written agreements with plaintiff as alleged by him, and agreed to purchase from plaintiff 80 tons of Johnson grass hay at the price of $8 per ton, to be delivered by plaintiff free on board the cars at Mangum and Dublin, Texas, and that on account of said contracts, plaintiff prepared said hay and was ready to deliver same to defendants in accordance with the terms of said contracts, and if you further believe that at the time said contracts were made by defendants with plaintiff that the defendants did not intend to take said hay and pay for the same, then you will find for the plaintiff on the issue of the privilege of said defendants to be sued in precinct No. 1 of Tarrant county, and so state by your verdict. If you do not so find, your verdict will be for the defendants on the issue of the privilege of the defendants to be sued in precinct No. 1 of Tarrant county, and so state by your verdict.

"The burden of proof is on the plaintiff on the issue of the right of defendants to be sued in precinct No. 1, Tarrant county, Tex.

"In the event you find for the defendants on the issue of their right to be sued in precinct No. 1 of Tarrant county, Tex., then you need not make any further finding on the issue hereinafter submitted to you."

So, it will be seen that only one issue of fact was involved in the charge submitted to the jury upon defendants' plea of privilege, to wit, Did defendants, at the time they contracted for said hay, intend to take said hay and pay for the same? Hence, it would appear that though said instructions were given in the form of a general charge, yet the finding of the jury was determined by this one issue of fact, and that when they found in favor of plaintiff on the issue of defendants' right to be sued in Tarrant county, which they did, separately and apart from the further verdict as to plaintiff's damages, which they found under a practically instructed verdict, they decided the one issue involved.

Even if reference should be had to said bill of exception No. 3, the said bill fails to show that any issues of fact were raised by the pleadings and evidence, and fails to show, by reference or otherwise, what issues of fact, if any, were tendered by the defendants and refused by the court. Hence, we conclude that no reversible error is shown in the action of the court in refusing and failing to submit the cause on issues further than those that were submitted.

We believe what we have said above is entirely in harmony with the holding by the Supreme Court in the case of C. R. I. & G. Ry. Co. v. Pemberton, 161 S. W. 2, cited by appellants, in which it is said:

"It is further urged by the defendant in error that the statements as made, subjoined to the propositions submitted under the second, third, and fourth assignments, are not in compliance with rule 31, and that the court properly refused to consider those assignments, because of the want of reference to the pages of the record. The statements under the assignments just named are defective in this particular. The second assignment is based upon the refusal to give a special charge. The statement gives the number of the charge and copies it literally, but omits to give the page of the transcript where it may be found. It further purports to give the substance of certain testimony upon the issues submitted in the charge, and with respect thereto gives the transcript pages. The third and fourth assignments both relate to matters made the subject of bills of exception. In the statements the bills are referred to by number, and copied in full, but reference to the pages of the transcript where found is omitted. While the statements under these three assignments are defective in the particular stated, their accuracy was not questioned in the Court of Civil Appeals by the defendant in error, and for this reason we believe the court would have been warranted in considering the assignments, but we do not consider it within our province to revise the exercise of discretion by the Court of Civil Appeals, where the statement wholly fails to refer to the pages of the record, and the assignment is not considered for that reason. "The judgment of the Court of Civil Appeals

is reversed, and the cause is remanded to that court for the consideration of the first assignment of error in the brief filed in that court by the plaintiff in error, and for the consideration of the remaining three assignments, unless the court is of the opinion it should refuse to do so because of the statements thereunder being defective in the respect stated, under rule 31."

We note in reply by appellee's counsel to appellants' motion for rehearing, that reference is made to appellee's death, alleged to have occurred since the rendition of the judgment in the trial court, and pathetic appeals are attempted to be made to this court on behalf of the widow and orphans, and arguments used to the effect that a reversal of this case would work a great injustice to such widow and orphans, because of the death of the appellee. The injection of such matters, being de hors the record, is not proper, and of the impropriety of its use the counsel must have been well aware, and this court has not considered the same, except, as herein, to discountenance the departure from the record.

The motion for rehearing is overruled.