## *EDWARD KIMBERLY v. T. FRISBY HENDER- 512
## SON and E. F. Lupton.

*Decided December 11th, 1868.*

REAL ESTATE BROKERS ; COMMISSIONS.    APPEALS ; NO *procedendo*
WHERE AMOUNT RECOVERABLE IS BELOW JURISDICTION.

A broker to be entitled to his commissions for negotiating a sale of property, must find a purchaser in a situation, and ready and willing to complete the purchase according to the terms agreed on, and who ultimately becomes the purchaser.  (*a*)                                    p. 515

Where upon an appeal, it is apparent that the amount which could be recovered in the court below, would be insufficient to maintain the jurisdiction of the court, a *procedendo* will not be awarded, although the judgment from which the appeal was taken, is reversed.  (*b*)    p. 516

Appeal from the Court of Common Pleas.

This action was instituted in the court below by the appellees to recover commissions for services rendered by them as real estate brokers, in the sale of certain property of the appellant in Baltimore City.  On the 17th of May, 1867, T. F. Henderson, one of the appellees, having heard through E. F. Lupton, his co-appellee, that the appellant desired to sell certain property in Baltimore City, and knowing of a purchaser to whom he could effect the sale, went with his co-appellee to the office of the appellant and told him that in case they succeeded in negotiating a sale, they would expect the usual commission of two and a half per cent. therefor.  After this, on the same

(*a*)  Cited in *Melvin v. Aldridge*, 81 Md. 658; *Glenn v. Davidson*, 37 Md. 367; *Richards v. Jackson*, 31 Md. 253.  In the absence of proof of usage and custom, the mere fact that a real estate broker introduces the purchaser to the seller, or discloses names by which they come together to treat, will not entitle him to compensation; *Beall v. Creswell*, 3 Md. 196; a party who is not a real estate broker, and has not been employed by the defendant, has no right of action for services rendered in the sale of the latter's land; *Canby v. Frick*, 8 Md. 163; as to real estate brokers' commissions, see also *Keener v. Harrod*, 2 Md. 63.

(*b*)  As to the granting of a *procedendo*, see *Kennerly v. Wilson*, 2 Md. 245-246, note (*d*).

day, the appellees brought the appellant and John Johns together and in consequence of this introduction certain papers were executed, whereby they respectively contracted for the sale and purchase of the property, with a stipulation that in case either party should fail to comply with the contract, a forfeiture of $1,000 should be paid by the party in default to the other. Afterwards on the 7th of June, 1867, the vendee having failed to comply with the contract on his part, in consequence of a disappointment in the realization of money from the sale of property in Cincinnati, gave his note for the forfeit money and received from the appellant a receipt therefor.

**513**    *Exception.—The plaintiffs asked the court to grant the following prayer:

If the jury believe from the evidence in the case that the papers dated the one, May 17th, and the other, June 7th, 1867, professing to be signed by the defendant, were so signed by him, and that the paper dated May 17th, professing to be signed by Johns, was signed by him, and that the agreement for the sale of the property referred to in said papers was made through the plaintiffs as brokers of the defendant, then the plaintiffs are entitled to their commissions as brokers, for their services in effecting the negotiations which terminated in said agreement, as fully as if a deed for said property had been executed, and the purchase money therefor had been paid.

And the defendant prayed the court to instruct the jury as follows:

1. That the plaintiffs are not entitled to recover for brokerage commission of two and a-half per cent. for the mere introduction of Johns to the defendant, even if the jury find that then or subsequently the said parties entered into their mutual contracts of the 17th of May, 1867, offered in evidence, if the jury further find from the evidence that the contract of sale was put an end to by the payment by Johns of the forfeit of $1,000 on the 7th of June, 1867.

2. That in order to entitle the plaintiffs to recover in this case, they must introduce to the vendor a purchaser, who in good faith contracts for an absolute sale by the payment of the purchase money, because the paper of the 17th of May, 1867, was a conditional sale only, and not binding on the purchaser to the extent of $23,000, he having the option to rescind on the payment of $1,000.

3. That the plaintiffs in this case are not entitled to recover more than two and a-half per cent. on the sum received by the vendor, as shown by the evidence in this case.

4. That if the jury find from the evidence a contract made and entered into between John Johns and the defendant for the purchase of property for $23,000, situate on Lanvale *street, as per writings, dated May 17, 1867, upon which **514** the plaintiffs sue for brokerage commission at two and a-half per cent.; the defendant is not responsible thereupon to a greater extent than for two and a-half per cent, on the sum realized, because the proposed purchaser could not have been compelled to take the property under his contract in a suit for specific performance, he having the option of avoiding the contract of sale on payment of $1,000 as a forfeit.

The court (Garey, J.) granted the prayer of the plaintiffs, and rejected those of the defendant; to this ruling of the court the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before Bartol, C. J., Brent, Grason, Miller and Alvey, JJ.

*John H. Ing,* for the appellant:

The plaintiffs' prayer, as granted by the court, is to the effect that the signing of the agreement for the sale of the property entitles the broker to his commission. This is in direct conflict with the decision of this court in *Keener v. Harrod,* 2 Md. 63, 71. The legal import of an agreement to procure a purchaser, binds the party to name a person who ultimately buys the property. *McGavock v. Woodlief,* 20 How 227; *Read v. Rann,* 10 Barn. & Cress. 438.

*John H. Thomas,* for the appellees:

When the contract of sale was made, which was effected through the instrumentality of the appellees, as brokers, their duty was done and their right to commissions complete. *Barnard v. Monnot,* 34 Barb. 90; *Holly v. Gosling,* 3 E. D. Smith, 262; *Lockwood v. Levick,* 98 E. C. L. 603; *Corning v. Calvert,* 2 Hilton, 56; *McGavock v. Woodlief,* 20 How. 221, 227; *Kock v. Emerling,* 22 How. 69; *Keener v. Harrod,* 2 Md. 63.

**515**· *The appellees were entitled to commissions on the amount of purchase money, not on the amount of damages recoverable for the non-fulfilment of the contract, whether liquidated by the contract or not.

Alvey, J., delivered the opinion of the court.

From the character of the contract, and the other unquestionable evidence set out in the record, it is manifest that the sale was not so far effected as to entitle the appellees to their commissions as brokers. To be entitled, they should have completed the sale—that is, they should have found a purchaser in a situation, and ready and willing to complete the purchase according to the terms agreed on. The undertaking to procure a purchaser requires of the party so undertaking, not simply to name or introduce a person who may be willing to make any sort of contract in reference to the property, but to produce a party capable, and who ultimately becomes the purchaser. These propositions are settled by *Keener v. Harrod,* 2 Md. 63; *McGavock v. Woodlief,* 20 How. 221.

Here the undertaking failed. A party was produced, it is true, and a contract entered into through the agency of the appellees, but of such a character that the party contracting, by the exercise of an option given him, relieved himself of the obligation to complete the purchase, and did not, in fact, become the purchaser. Moreover, the written memorandum of sale was prepared by one of the appellees, and it appears, from his own testimony, that the clause under which the contract was surrendered, was inserted at his own instance, to accomplish a purpose he had in view, and of which purpose he made no communication to his principal—so that, if the right to full commissions on the entire contract-price of the property is made to abide the election given the party with whom the contract was made, the appellees cannot complain.

The instruction given the jury, at the instance of the appellees, affirmed that the appellees were entitled to their com-
**516**· *missions as brokers for their services in effecting the negotiations which terminated in the agreement of the 17th of May, as fully as if a deed for the property had been executed, and the purchase money paid. This was clearly erroneous.

The first and third prayers of the appellant should have been granted; and, without affirming the literal correctness of the second and fourth prayers, we must reverse the judg-.ment. But as it is apparent that the amount recoverable is less than sufficient to maintain the jurisdiction of the court below, we shall reverse without awarding *procedendo*.

*Judgment reversed.*