ANDERSON et al. v. JACKSON. (No. 7901.)

(Court of Civil Appeals of Texas. Ft. Worth. April 4, 1914. Rehearing Denied May 2, 1914.)

1. APPEAL AND ERROR (§ 742*)—RECORD—PRESENTATION OF MATTERS FOR REVIEW.

No error was shown in overruling a plea of privilege, where the statement did not refer to the part of the record containing the plea or to the judgment thereon, if there was a judgment against the plea, as required by rule 31 (142 S. W. xiii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. VENUE (§ 21*)—RESIDENCE OF DEFENDANTS—CODEFENDANTS.

In a suit by a broker's assignee for commissions on an exchange of lands filed prior to the passage of the act of April 16, 1913 (Acts 33d Leg. c. 177), amending Rev. St. 1911, art. 1830, cl. 4, which, prior to that amendment, provided that, when there were two or more defendants residing in different counties, the suit might be brought in any county where any one of the defendants resided, where the broker had guaranteed the account to the assignee, and was made a party, the suit was properly brought in the county of the broker's residence, and the other defendant's plea of privilege was properly overruled.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

3. BROKERS (§ 52*)—COMMISSIONS—SUFFICIENCY OF SERVICES—SALE OR OPTION.

A provision in a contract for the exchange of lands that for the performance thereof the parties thereby bound themselves to each other in the sum of $2,000 as fixed and liquidated damages by the party failing to complete the stipulations therein set forth, which sum should constitute a specific lien upon the property of the party so failing, did not make the agreement a mere option so as to defeat a broker's right to commissions for bringing about the exchange, since the contract contemplated its performance and fixed the sum named to secure performance, and did not contemplate either performance or payment of the sum fixed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. § 52.*]

4. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.

An instruction assuming a fact which was not conclusively shown by the evidence was on the weight of the evidence, and properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

5. TRIAL (§ 252*)—INSTRUCTION—APPLICATION TO EVIDENCE.

In an action by a broker's assignee for commissions on an exchange of lands, an instruction to find for defendant on the ground that the evidence showed that a third party was a partner with the broker was properly refused, where the partnership was not a party to the suit, and the broker's authority to transfer the account to plaintiff was not questioned.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by T. G. Jackson against T. M. Anderson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Scarborough & Hickman, of Abilene, for appellants. Holt & Jackson and Cunningham & Sewell, all of Abilene, for appellee.

CONNER, C. J. Appellee sued as the assignee of an account by G. A. McElroy against appellant Anderson for commissions alleged to be due by securing an exchange of certain lands belonging to Anderson. The trial resulted in a judgment for appellee against Anderson as the principal debtor and against McElroy as guarantor for the principal sum of $620.75 with judgment for like sum in McElroy's favor over against Anderson.

[1, 2] It is first urged that the court erred in overruling appellant's plea of privilege to be sued in Knox county, but no error is shown. The statement fails to comply with rule 31 (142 S. W. xiii) by referring to that part of the record containing such plea, if there was any, or to the court's judgment thereon, if there was a judgment against the plea. Moreover, if there was a sufficient plea, the suit was filed prior to the act approved April 16, 1913 (Acts 33d Leg. c. 177), amending the fourth clause of article 1830, prescribing the venue of suits, and the evidence seems undisputed that McElroy, who lived in the county of the forum, assigned and guaranteed the account sued on, thus bringing the case fully within the statute as it existed prior to the amendment. Cleveland v. Campbell, 38 S. W. 219; Vaughn v. Bank, 126 S. W. 690.

[3] Appellant's next two assignments are predicated on the proposition that the contract of exchange between him and the other contracting party was but an option, and hence that McElroy did not earn the specified commissions. The contract for the exchange of properties was in writing, and contained the following clause, which is relied upon as giving it the character of an option, viz.:

"And for the true and faithful performance of all and every one of the covenants and agreements above mentioned the parties to these presents hereby bind themselves each to the other in the sum of two thousand ($2,000.00) dollars, as fixed, settled and liquidated damages by the party failing to complete on his part the stipulations herein set forth, and which said sum shall constitute a specific lien upon the property and premises herein above mentioned as belonging to the party so failing to complete his part of this agreement. And the stipulations aforesaid shall apply to and bind the heirs, executors, and administrators and assigns of the respective parties hereto."

It seems clear to us that the contract for the exchange is enforceable as such. The sum named in the paragraph quoted was evidently intended to secure performance, and not to

leave it optional with the parties to complete the exchange or pay the specified penalty as they, or either, might choose. The test is, does the contract contemplate the performance of a specified act, fixing a sum named to secure its performance, or does it contemplate either performance of the act or the payment of the sum named, as the party sought to be charged may choose? If the latter, the contract is a mere option. If the former, it may be specifically enforced. See Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Redwine v. Hudman, 104 Tex. 21, 133 S. W. 426. Construing the contract as one for conveyance of lands that may be enforced, we think there was no error in the action of the court in giving or refusing charges.

[4, 5] Appellant sought to have the jury charged to find for him on the ground that the evidence showed that one Sandall was a partner with McElroy at the time of the execution of the contract of exchange. But the evidence in no view can be said to be conclusive in favor of such a theory. The charge requested, therefore, is on the weight of the evidence in so assuming. Moreover, the partnership, if one, was not a party to the suit, nor was McElroy's authority to transfer the account to plaintiff in any wise questioned.

We find no error in the proceedings, and, the evidence being sufficient to support the material allegations of the plaintiff's petition, it is ordered that the judgment be affirmed.