PHILIP E. CAMPBELL *vs.* STUART H. SWALLOW *et ux.*

MARCH 7, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows and Murdock, JJ.

BARROWS, J. This was an action of assumpsit. The first count of plaintiff's declaration asserted the right to recover a broker's agreed commission of 3% on $21,500 for procuring a purchaser of defendant's real estate. The

balance of the declaration consisted of the common counts.

Plaintiff was employed by defendants to sell for $24,000 certain real estate recently bought by them through plaintiff. Plaintiff submitted an offer of $21,500 from a Mrs. Mathews with a $500 binder to be forfeited if she failed to take the property. After some figuring defendants decided to accept this offer with the modification that $1,000 instead of $500 be the initial payment.

The parties do not entirely agree as to the conversation when defendants suggested the change. They agree that defendants insisted on the forfeiture being made $1,000 and that Mrs. Mathews was acquainted with the fact that she would lose this sum if she broke her agreement to buy. Plaintiff asserts and defendants deny that $500 was figured as insufficient to pay the broker's commission in case of default. We can not regard plaintiff's assertion as established. Both parties agree that a reason given by defendants was hesitation to tie up their property for thirty days for so small a sum as $500 with the possibility of still having it left on their hands, and that on this account defendants said they wished to place Mrs. Mathews' loss so high in the event of breach that she would consider it imprudent to decline to perform. Defendants made plain that their main interest was to dispose of the property and receive the $21,500. The broker did not consider the amount of the binder important because he told defendants that Mrs. Mathews very much desired the property and was willing to sign almost anything. He procured her consent to the change and then told defendants he would have a written contract prepared by his attorney embodying the terms. Plaintiff did so and witnessed the signatures of both parties.

By the first paragraph of this contract signed September 26, 1928, Mrs. Mathews agreed to buy and defendants to sell said property. The second paragraph fixed the price at $21,500 of which $1,000 was to be paid at the time of signing the agreement and the balance on or before Novem-

ber 3, 1928. Then followed this language: "But in the event that the buyer shall not perform this agreement . . . said sum ($1,000) so paid shall become and be the sole property of the sellers and shall be deemed to be liquidated damages between the parties for the breach of this agreement." The contract also recited that the sellers would pay to plaintiff $645 "as commission upon the sale of said premises." No other mention of commission was made in the contract. Mr. Swallow says he called the contract an "option" to buy but plaintiff has no recollection of hearing the term used. At any rate the absolute agreement to buy and sell with provision for liquidated damages in case of breach was drafted according to plaintiff's direction to his attorney and all parties understood that Mrs. Mathews though financially responsible could not be compelled to take title if she chose to forfeit the $1,000 first payment.

Mrs. Mathews paid $1,000 at the time of signing the contract but within one week announced her intention not to complete the purchase. In spite thereof defendants were ready with the deed on November 3, 1928. Mrs. Mathews defaulted and defendants at the time of the trial still retained the property and the $1,000.

The case was tried by the court without a jury. The court held that the contract gave Mrs. Mathews an option either to take title or to forfeit the $1,000; *Cavenaugh* v. *Conway*, 36 R. I. 571, that plaintiff had not procured a purchaser and consequently had not earned the commission of $645 for "sale of the premises." 9 C. J. 604, 605.

Defendants admitted that plaintiff was entitled on the common counts to a commission of $50 on the $1,000 which Mrs. Mathews forfeited. *Gilder* v. *Davis*, 137 N. Y. 504, 20 L. R. A. 398. Decision was rendered for plaintiff for $50. With this plaintiff is not dissatisfied if it is found that he is not entitled to $645.

Plaintiff is here on two exceptions: the first, to a ruling on evidence, requires no consideration because, if erroneous,

it was not prejudicial; the second and main exception is to the decision, plaintiff's claim being that as far as he was concerned a "sale of the premises" occurred when the contract was signed.

The contract was executed exactly as drafted by the broker on behalf of the sellers. Plaintiff knew what defendants desired and tried to have the contract so phrased as to accomplish it. Defendants were unfamiliar with such transactions and relied on plaintiff to formulate the terms to bring about a transfer of title for $21,500. Without the liquidated damages clause the contract when signed would have accomplished all that the broker was employed to do and his commission would have been earned. *Peckham* v. *Ashhurst*, 18 R. I. 376; *Cannon* v. *Staples*, 46 R. I. 300; *Tarbell* v. *Bomes*, 48 R. I. 86. Mrs. Mathews could have been compelled to perform. However, all agree that the insertion of the clause relieved her of the obligation to pay the balance of the purchase price.

A broker authorized to sell does not earn his commission by procuring a customer who takes an option to buy and there is authority that a liquidated damages clause so modifies an absolute agreement to buy as to give the buyer an option and bar the broker's commission. 9 C. J. 605. It must be conceded that the practical operation of such a clause may be the same as if the buyer has an option but whether an option has been given is to be determined from all the circumstances. *Cavanaugh* v. *Conway, supra*. In this instance we are convinced that the contract contemplated passage of title and fixed the sum named in order to secure this. It did not contemplate fulfillment by payment of the sum fixed. *Anderson* v. *Jackson*, 168 S. W. 54 Tex. Civ. App.

Plaintiff bases his claim to commission on a sale or its equivalent. No sale actually was made and the parties agree that the contract could not be enforced so as to result in a sale. It was a contract which would result in a sale and passage of title if Mrs. Mathews did not break her agreement to buy. *Wright Land & Investment Co.* v. *Even*,

186 Pac. 681 (Mont.) citing *Ide* v. *Leiser*, 10 Mont. 5. If she did, defendants and Mrs. Mathews, with plaintiff's approval, had agreed on defendants' damages. She broke her contract and the $1,000 was retained by defendants not as a part of the purchase price in performance of the contract but because she declined to pay said price. She was not one who for a valuable consideration acquired title or could be compelled to do so. Bouvier Law Dict. Words & Phrases, *Younkman* v. *Hillman*, 53 Wash. 661.

We are convinced that whether this contract be termed an option or an agreement to buy and sell with provision for liquidated damages in case of breach, *La Prelle* v. *Brown*, 220 S. W. 151; *Davis* v. *Roseberry*, 95 Kan. 411, plaintiff's procurement of Mrs. Mathews' signature thereto did not make him at that time the inducing cause of the "sale" of defendants' premises which he was employed to bring about.

Conceding that a sale had not been made when the contract was signed, did the broker and defendants intend that the subsequent forfeiture of the $1,000 should be considered equivalent thereto or in lieu thereof, or that defendants were estopped to so assert. *Davis* v. *Roseberry*, *supra*; *Leete* v. *Norton*, 43 Conn. 219; *Parker* v. *Estarbrook*, 68 N. H. 389. In the latter case the terms upon which the broker was intrusted with the property do not appear. In the other cases the court found the evidence to support plaintiff's claim of equivalence. Here the evidence does not support such a view. Plaintiff knew the contract could not be specifically enforced. A few words would have established plaintiff's right to his $645 commission in the event of breach. He did not see fit to place them in the written contract. Defendants relied wholly upon the broker as to the form of the contract and, if its meaning is doubtful plaintiff ought not to be given the benefit of the doubt. *Block* v. *Ryan*, 4 D. C. App. Cases, 283; *Kimberly* v. *Henderson*, 29 Md. 512. Both broker and sellers were confident title would be taken. So confident was the broker that he regarded the amount in the liquidated damages clause as of small importance. Plaintiff's testimony that

he believed and thinks he told defendants the commission was due when the contract was signed is not convincing in the face of the evidence that he first made the binder $500. a sum insufficient to cover his commission. After the contract was signed he expressed the hope that Mrs. Mathews would take title before November 3 so that he sooner could get his commission. Plaintiff made no claim for commission when the $1,000 check was passed over to defendants by him nor at any time prior to November 7. He then says he claimed his commission "simply because Swallow kept the $1,000 and refused to return it to Mrs. Mathews" at her request seconded by plaintiff who offered to relinquish all claim to commission. To hold that the liquidated damages clause, if availed of by the buyer, was equivalent to performance would impute to the parties an intention which the evidence indicates neither buyer, sellers nor broker had. The fact is that no one considered or provided for commission in the unexpected eventuality that occurred. The broker had not done that for which he was to receive $645. *Massie* v. *Chatom*, 163 Cal. 772 (effect a sale), although he had procured $1,000 for defendants.

On the question as to what the plaintiff's services were reasonably worth on the *quantum meruit* basis he offered no evidence. The defendants admitted them to be worth $50 and the trial justice's decision on damages was based on that admission. At the hearing before us the plaintiff made no contention that the damages awarded on the *quantum meruit* basis were inadequate.

We think the result reached by the Superior Court was correct. *Block* v. *Ryan*, *supra*; *Anderson* v. *Jackson*, *supra*; *Scott* v. *Merrill's Est.*, 74 Ore. 568; *Kimberly* v. *Henderson*, *supra*, cf. *Lunney* v. *Healey*, 44 L. R. A. 593 n. at 605; *Gilder* v. *Davis*, *supra*.

Plaintiff's exceptions to the decision of the trial justice are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Littlefield, Otis & Knowles* for plaintiff.
*Henshaw, Lindemuth & Baker* for defendant.