**Mabel E. DIXON, Appellant
(Defendant below),**

v.

**CREDIT BUREAU OF DOUGLAS, Wyoming, Appellee (Plaintiff below).**

**No. 3532.**

Supreme Court of Wyoming.

Nov. 7, 1966.

Alfred G. Kaufman, Jr., Douglas, for appellant.

Burley & Hand, Douglas, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The Credit Bureau of Douglas filed a complaint against Mabel E. Dixon for $2,025 due on a real estate commission contract.[1] Defendant's answer admitted the execution of the instrument upon which

---

1. Another claim was also made for the balance due on a promissory note, but this aspect does not enter into the appeal.

the claim was based but denied generally and alleged that the purchasers of the real estate defaulted on the terms of the contract of sale, which was terminated, and purchasers acknowledged the default and executed a complete release of the contract. Plaintiff filed a motion for summary judgment with supporting affidavits; defendant filed affidavits in opposition to the motion; and ad interim a pretrial conference was held and order issued thereon, reciting the admission by agreement of counsel without foundation proof of the written agreements relating to the controversy. The court stated in its order that "there is *no dispute of fact* \* \* \* excepting the issue as to whether or not Mr. Taylor was an able buyer, and \* \* \* the controversy turns on the question of whether or not, under the undisputed circumstances, Mrs. McCormick earned her commission." Thereafter, the court found that plaintiff was entitled to judgment as a matter of law and that there was no material issue of fact; summary judgment issued for plaintiff in the amount claimed, $2,025, from which judgment this appeal was taken.

The basal facts of the case are contained in four written instruments, the first an "Agreement" of June 15, 1964, by which defendant as vendor agreed to sell to Kenneth and Dorothy Taylor patented lands and chattels for $40,500, payable in three installments of $1,000 in 1964, two of $2,500 in 1965, and the balance of $32,500 by January 1, 1966, the parties thereto having stated among other things that "this Agreement is intended to be a Lease-Sell-Purchase Agreement by which the installments of various sums as hereinabove provided shall apply on the purchase price." Attached to the foregoing agreement was one between defendant Dixon and Vera McCormick reciting that $32,500 was due on January 1, 1966, that the sale was the result of the efforts of Mrs. McCormick, realtor, and that Mrs. Dixon agreed to pay

her therefor $2,025 from the balance of the purchase price.[2] The third "Agreement" was executed April 26, 1965, between Mrs. Dixon and the Taylors, referred to the original sales agreement and, inter alia, recited that the Taylors were in default on their first 1965 $2,500 payment, that the original sales contract had thereby become void, that the purchasers should have until May 7, 1965, and no longer, in which to secure financing and pay the total balance of the terminated purchase contract, $37,500, and that in the event of non-delivery of the named amount the escrow agent was to deliver to vendor a mutual release. The fourth instrument was the mutual release, dated April 26, 1965, in which the Taylors in consideration of the release and Mrs. Dixon in consideration of the payment of the $37,500 mutually released each other from liabilities arising out of the original sales contract.

Although defendant peripherally concludes that the court erred in refusing a jury trial, this unsupported point requires no discussion since the propriety of the summary judgment turns upon the correctness of the court's dual finding (1) that plaintiff was entitled to judgment as a matter of law and (2) that there was no material issue of fact.

 Defendant asserts without supporting authorities or cogent argument "The Lease-Sell-Purchase Agreement is not a sale. It is no more than a lease with an option to purchase. The Taylors defaulted on the lease payments. Until there is a bona fide sale, there can be no commissions due and owing." In this connection she relies upon the theory that the primary agreement was an option and upon a claimed legal principle that a broker authorized to sell does not earn his commission by producing a customer who takes an option to buy, citing Campbell v. Swallow, 50 R.I. 467, 149 A. 254, 255. The fallacious assumption in this reliance is that the men-

2. Mrs. McCormick, Manager of the Credit Bureau of Douglas, Wyoming, had, according to the complaint, assigned this agreement to the plaintiff for the purpose of suit and collection.

tioned agreement in the instant case is an "option." Nothing on its face so designates it, no convincing argument is here presented to that effect, and we find the label of "option" given by counsel is unwarranted. Defendant also contends that the $2,025 was to be paid out of the $32,500 and until that amount was paid there was no sale and thus no commission earned. Defendant seems, however, to rely essentially upon the principle announced in Gerritsen v. Draney, Wyo., 351 P.2d 667, 673, that "the law is well settled that a broker is not entitled to a commission unless he produces a purchaser who is ready, willing and able to comply with the terms and conditions of the principal." [3] As to the contention that the commission was to be paid only from the balance of the $32,500, any controversy thereon was eliminated by the pretrial order which stated "there is no dispute of fact * * * excepting the issue as to whether or not Mr. Taylor was an able buyer." Under Rule 16, W.R.C.P., this limiting of the issues of trial by the court at that time controlled the subsequent course of the action. It is manifestly improper that there now be raised another issue, a defense that the commission was to be paid only from the $32,500 balance. The appeal turns then upon the question of whether or not at the time of the summary judgment there was a genuine issue as to any material fact concerning the readiness, willingness, and ability of the purchasers.

■ Plaintiff's affidavits concluded that the Taylors as purchasers considered themselves sufficiently able to carry out the contract for various delineated reasons, i. e., the annual receipt of $1,400 for hay and other forage off the contracted premises; the ownership of property leased for the sum of $2,900 per year, the sale of which property was pending; the expectation of an excess of $7,000 as proceeds from a government contract; the ownership and operation of a ranch west of Douglas; forty years residence in Converse County and the ability from time to time to secure finances such as would have been necessary to complete the contract; Mrs. Taylor's father had assisted them financially in other ventures and, if need be, was expected to do so in this purchase.

Defendant's affidavits purporting to be in opposition to the motion for summary judgment did not directly contradict any of plaintiff's mentioned statements and, aside from an impermissible conclusion that the Taylors were neither able nor willing buyers, alluded to nothing relating to the then financial ability of the purchasers except to say that the ASC papers pertinent to the government contract which Taylor, prior to the agreement, had reported as having been completed and filled out had not been. Defendant in her affidavits seemed to rely rather upon enumerations of circumstances which were contended to show that the Taylors had not met financial requirements of the contract, and indicating that in the meantime one Schmidt asked about buying the property and on or about May 7, 1965, deposited his check with the escrow agent. There is no direct contention that defendant's affidavits created any issue on the ability of the purchasers, and we hold they did not. The record showed that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law; accordingly, the judgment must be affirmed.

Affirmed.

3. Plaintiff conceded that Mrs. McCormick was hired by defendant to find a ready, willing, and able purchaser on terms and conditions suitable to defendant.