Lorna Jenkins BOODE, Appellant
(Plaintiff below),

v.

Jack WOLFE, Appellee (Defendant below).

No. 3597.

Supreme Court of Wyoming.

July 20, 1967.

R. G. Diefenderfer, Bruce P. Badley, Sheridan, for appellant.

Jack Wolfe, Sheridan, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

PER CURIAM.

This appeal, quite fittingly, has been described by plaintiff's counsel as presenting a case of "unique and unusual character." Briefly, the plaintiff obtained a judgment below for personal injuries sustained while riding as a passenger in an automobile which overturned while being driven by her employer, the defendant. Although plaintiff appealed from the whole of the judgment, we are informed by her brief and by oral argument of her counsel that the only relief sought is for this court to correct certain special findings of fact and conclusions of law made by the trial court in an interlocutory decision on the question of defendant's liability. The special findings of fact complained of were to the effect that the accident occurred at a time when plaintiff was occupying the automobile in the discharge of her duties as an employee of the defendant. The basis for the complaint is that the trial court in making that determination went outside the scope of the issues tendered by the pleadings and it is forthrightly conceded that such findings, if left undisturbed, may endanger, under an exclusionary provision of defendant's insurance policy, plaintiff's right of recovery from defendant's insurer of the amount fixed by the judgment. In essence, as we view it, we are asked simply to expunge from the judgment that portion of which plaintiff complains without in any way disturbing the decretal portion of the judgment.

Quite frankly, we are at a loss to understand just how this might properly be accomplished. The appeal presents a single claim and an indivisible judgment. The only support for the judgment is the special findings of fact of which plaintiff complains. Should we take away that support as plaintiff suggests, it would place plaintiff in the position of holding and attempting to enforce a judgment unsustained by any facts found by the trier of the facts, unless perchance this court radically departed from its role as an appellate court and proceeded initially to determine the facts, if any, that might support the judgment on some other theory, such as plaintiff's claim that defendant was transporting plaintiff as a passenger for compensation and on a joint enterprise.

The only basis suggested for pursuing that course is the provision contained in Rule 52(b), W.R.C.P., to the effect that when special findings of fact are made by the trial court in an action tried to the court without a jury, such findings may be challenged on appeal for lack of support by sufficient evidence whether or not the aggrieved party raised the question below by an appropriate motion. Apparently counsel is under some misapprehension as to the clear intent and purpose of the provision. It is not a conduit whereby an appeal may be taken for the sole purpose of expunging from the record or amending alleged erroneous special findings of fact and leaving the judgment stand, but on the contrary simply affords this court the authority to review such findings without the necessity of raising such matters below. Actually the rule confers upon the trial court and not this court, should plaintiff's contentions have merit, the right to accomplish the very thing that plaintiff hoped to accomplish here. Plaintiff having failed to take that step and having also failed to direct our attention to other cogent au-

thority whereby we could solve her dilemma by doing anything more than reversing the judgment and granting a new trial, we are constrained to hold that there is nothing before us to review and the judgment below must be affirmed.

Affirmed.

McINTYRE, Justice (concurring specially).

I am able to concur in the result in this case because I do not consider the judgment appealed from precludes the parties from trying the issue of whether Lorna Jenkins Boode was acting in the capacity of an employee of Jack Wolfe at the time of the accident, in any action or proceeding against Allied Mutual Insurance Company.

I think the general rule is as stated in 50 C.J.S. Judgments § 732, p. 223, to the effect that if a court assumes to pass judgment on a point or question not submitted to its decision by the parties, in their pleadings, or drawn into controversy by the course of the evidence, the judgment to that extent is not conclusive in a subsequent proceeding.

Appellant states the issues below were:

"(1) Was Mrs. Boode a guest in the automobile driven by Jack Wolfe at the time the wreck occurred which allegedly caused injuries to her?

"(2) If she was not a guest, was Mrs. Boode injured by reason of the ordinary negligence of Wolfe?

"(3) If she was injured, what was the amount of her damages?"

The complaint would seem to justify appellant's statement with respect to the issues below, since it was alleged only that she sustained injuries as a result of Wolfe's negligence while she was being transported by him "as a passenger for compensation and on a joint enterprise." The answer raises no further issue, and no pretrial order delineating issues appears in the record.

Appellant asserts the finding complained of was outside of the issue in the case regarding liability, which was only whether the plaintiff was a guest in Wolfe's car at the time she was injured. If that be in fact true, then the finding could not preclude an action or proceeding against the insurance company.

It is interesting to note from the record that the insurance company brought a separate action for a declaratory judgment to obtain a ruling to the effect that it did not need to defend Wolfe, and that it had no liability under its policy. Although there was a full trial, I fail to find judgment in that case. The appellant states that the court ruled against the insurance company in the declaratory judgment case. Also, the court first tried the question of Wolfe's liability and made its findings. Based on these findings, lawyers for the insurance company asked to be permitted to withdraw. Wolfe filed objections, and no determination of that matter was made by the court.

The insurance company was not a party to the action between Mrs. Boode and Wolfe. This is a further reason for saying the findings of fact and conclusions of law made in the action between Boode and Wolfe would not be res judicata or conclusive in any action or proceeding against the insurance company.

From a practical standpoint, it is understandable that parties, in the trial already had, were interested only in whether Mrs. Boode was or was not a guest. Perhaps they did not introduce all the evidence they might have introduced with respect to employment at the time, if they had known by what process of reasoning the judge was going to arrive at his conclusion that Mrs. Boode was not a guest. I doubt that this process of reasoning is conclusive or binding on any of the parties because it was not an issue, and especially it could not bind either of the parties in an action against the insurance company.