FRONTIER FIBREGLASS INDUSTRIES, INC., Appellant (Defendant below),

Arthur Linde and Robert Coleman d/b/a Frontier Plastics of Cheyenne, Wyoming, (Defendants below),

v.

CITY OF CHEYENNE, a Municipal Corporation, Appellee (Plaintiff below).

No. 3615.

Supreme Court of Wyoming.

Dec. 15, 1967.

Tom H. Barratt, Laramie, for appellant.

A. Joseph Williams, City Atty., Robert L. Duncan, Asst. City Atty., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from an "Order Amending Judgment Nunc Pro Tunc" in which the court rendered judgment against Frontier Fibreglass Industries, Inc., by amending a judgment of some six months prior against Arthur Linde. The circumstances germane to the appeal are that the plaintiff city on May 20, 1963, filed a complaint as shown in the title hereof, claiming judgment for $5,040 in three counts, (1) on a written lease, (2) on the owing of storage fees, and (3) on claimed damage for breach of lease. Service of summons was had on Linde only, Coleman being listed as not found. Thereafter Linde filed an affidavit of prejudice and subsequently both he and the corporation, by attorney, answered, denying generally. Some time later the attorney requested, and was granted, permission to withdraw. On May 2, 1966, the court set the pretrial for June 9, the order being served upon Linde by leaving a copy with his wife; on June 15 the court entered a pretrial order reciting that the filing of an amended complaint be allowed, that the written lease be entered as an exhibit, and that the trial be set for July 20. On that day, June 15, the plaintiff filed an amended complaint in the same three counts as the original except claiming the sum of $12,-600. Plaintiff's attorney certified that the amended complaint "was mailed to the Defendants Arthur Linde and Robert Coleman, d/b/a Frontier Plastics of Cheyenne, Wyoming on the 13th day of June, 1966 by U. S. Mail, postage, prepaid." The court entered judgment July 20, reciting, inter alia, that the plaintiff was represented by counsel and that the defendants had not appeared, and awarded judgment

against Arthur Linde in the sum of $12,-600. On November 14, 1966, plaintiff filed "Motion to Revise Judgment Nunc Pro Tunc, Application for Default Judgment Nunc Pro Tunc and Motion to Set Trial Date." Plaintiff indicated that the motion was filed pursuant to Rule 54(b), W.R. C.P., and in the alternative, Rule 55(b) (2), W.R.C.P., and in the event the motion or application was denied requested trial of the issues, i. e., count two. The court thereafter ordered a hearing on the motions and application, indicated that if a trial on the issues of the case were necessary it would be held immediately after the hearing, and ordered service upon the defendant corporation. Plaintiff's attorney certified that the order was served on the corporation by certified and regular U. S. Mail to Arthur Linde, president and agent for service of process of the corporation. The judgment from which appeal was taken shows that attorneys for both the city and the corporation appeared at the hearing. The court, having examined the pleadings and heard argument of counsel, found that Linde and the corporation had filed their answer to plaintiff's complaint (original) thereby making their appearance, that Linde individually and as president of the corporation, had actual notice of the pretrial hearing on June 9, 1966, and the trial of issues held on July 20 but did not appear either individually or as an officer of the corporation; that the judgment entered by the court omitted judgment against the defendant corporation and Linde, jointly and severally, and the court decreed judgment against them, jointly and severally. The propriety of the judgment appealed from is initially dependent upon the adequacy of the service of the amended complaint upon the corporation.

◼ As noted in the recital of facts, plaintiff's attorney did not purport to have served the amended complaint on the corporation but now insists that the corporation had constructive notice through Linde. The authorities cited for this are not in

point and are entirely unpersuasive. The amendment of a complaint which more than doubles the amount claimed is a matter serious enough that requirements as to service should certainly not be relaxed. It was said in Timmons v. United States, 4 Cir., 194 F.2d 357, 360:

> "Rule 5(b) of the Federal Rules of Civil Procedure relating to the method of service provides that service upon a party shall be made by delivering a copy to him, or by mailing it to him at his last known address, and further provides that service by mail is complete upon mailing. In view of the important consequences that flow from the service of pleadings and other papers, the courts, quite rightly, have required the strictest and most exacting compliance with the rule when service is made by mail."

The interpretation of the Federal court upon a rule basically the same as our own is persuasive, and it would appear that the amendment of a complaint for a substantially greater sum than originally claimed would require the ultimate in compliance. We hold that in the instant case the corporation was entitled to have been served with a copy of the amendment of the complaint as a prerequisite to the creation of liability against it for an amount greater than that sought in the original complaint.

As previously observed, notice of the pretrial was served upon Arthur Linde, only. Plaintiff's memorandum filed subsequent to the pretrial conference stated the issues to be "Whether Defendants are liable for delinquent rental and the amount of back rent," pertaining only to the first count of the original and amended complaint. The court's pretrial order said, "the issue is whether the Defendants are jointly and severally liable for delinquent

rent; and if so, the amount thereof," it also pertaining only to the first count. Plaintiff's motion to revise judgment etc., asked, however, that the judgment previously entered include judgment in favor of plaintiff and against the corporation on the second count of plaintiff's complaint and the court in its nunc pro tunc order stated that "based on the evidence produced by the plaintiff at the trial held on July 20, 1966, plaintiff was entitled to a judgment on the second count against the defendant" corporation.

Appellant argues on the basis of Dixon v. Credit Bureau of Douglas, Wyo., 419 P.2d 707; Washington v. General Motors Acceptance Corporation, S.D.Fla., 19 F.R.D. 370; and United States v. An Article of Drug, etc., Acnotabs, D.N.J., 207 F.Supp. 758; that the pretrial order limited the issues for trial and consideration of another issue was improper. Although appellant's theory is correct insofar as it pertains to post-trial motions or appeals, pretrial orders may be amended prior to trial and in exceptional cases amendments are allowed during the course of a trial. Rule 16, W.R.C.P. Also, it is well established that pretrial orders are capable of "de facto" amendment by the trial court's findings,[1] Rule 16 being read in the light of Rule 15(b), W.R.C.P.,[2] which states, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Nevertheless, it must be borne in mind that the philosophy surrounding the allowance of such amendments is the prevention of manifest injustice, and in the instant case even postulating arguendo that the notice to Linde of the setting of pretrial constituted service on the corporation, it would have had reason

1. Interstate Plywood Sales Company v. Interstate Container Corporation, 9 Cir., 331 F.2d 449, 452; American Pipe & Steel Corporation v. Firestone Tire & Rubber Company, 9 Cir., 292 F.2d 640, 643; Bucky v. Sebo, 2 Cir., 208 F.2d 304, 305; 3 Moore, Federal Practice, p. 1132 (1967); 1A Barron & Holtzoff, Federal Practice and Procedure, p. 851 (1960).

2. Bucky v. Sebo, 2 Cir., 208 F.2d 304, 305.

for assuming no case could be made out against it on the issue presented in the pretrial order. Therefore, we must hold that even though evidence were made at the July 20 trial (the case was not reported) warranting a finding against the corporation on count two and the court at that time intended to find against it, the pretrial order on that aspect could not be amended in view of the absence of a representative of the corporation at the trial without notice of such amendment having theretofore been served on the corporation.

For the above reasons, the trial court would not have been justified in entering on July 20 judgment against the corporation on the second count of plaintiff's complaint, and the subsequent nunc pro tunc order must therefore be reversed with the cause remanded for further proceedings.

Reversed and remanded.

GRAY, Justice (dissenting).

I am constrained to dissent from the result reached by the majority in this appeal and from the reasons assigned for reaching such a result. I will as briefly as possible point out the reasons for my disagreement, but first by way of general observation it is apparently conceded that we are dealing only with two claimed irregularities in the city's procedure.

With respect to service of the amended complaint, the holding, as I view it, sacrifices substance for form, contrary to the purpose of our rules. Rosden v. Leuthold, 107 U.S.App.D.C. 89, 274 F.2d 747, 750. The objective of Rule 5, W.R.C.P., as related to this proceeding is to assure that a party litigant, after the court has acquired jurisdiction over its person, receives notice which in the nature of things will call attention to the affected party of developments in the case. Here the record conclusively establishes that the defendant Linde was president of the corporation. It is unquestioned that Linde was served with the amendment which, by the way, injected no new basis for the city's claim against the corporation and

thus the appropriate query is what knowledge the corporation acquired of the filing and contents of the amendment. On the record before us it must be held to have known that the trial court had granted the city the right without limitation to amend its complaint; to have known the contents of the amendment; and to have known that the case would be tried on July 20, 1966. Notwithstanding this, both Linde and the corporation chose to stay away from the trial; and so far as I am concerned they stayed away at their peril. Boulter v. Cook, 32 Wyo. 461, 234 P. 1101, 1104, rehearing denied 236 P. 245; Rim Group v. Mountain Mesa Uranium Corporation, 78 Wyo. 204, 321 P.2d 229, 230, rehearing denied 323 P.2d 939. Also, I would further point out that during the period from October 29, 1965, when the corporation's counsel withdrew from the case, until January 17, 1967, it was without counsel of record, and during that period of time no effort was made by the corporation to advise the city or the court upon whom notice of developments in the proceedings was to be served. Secondly, even if the service of the amendment was defective because the certificate failed to state it was served on Linde as an individual and as president of the corporation, the defect was waived when the corporation, without preserving the objection, entered an appearance by its present counsel in the proceedings had on January 17, 1967. Lastly, such contention is not properly before us for the reason that it was never raised in the court below.

Concerning the matter of pretrial, it likewise is predicated upon the proposition that "notice of the pretrial was served upon Arthur Linde, only." That, of course, overlooks the provision of Rule 77(d), W.R.C.P., which requires the clerk of court to mail a copy thereof to all parties not in default. There was no showing by the corporation that the clerk did not perform his duty in that respect, and consequently it must be assumed that the corporation received notice of the pretrial.

hearing. Rim Group v. Mountain Mesa Uranium Corporation supra. And, in any event, it seems to me it is rather a broad assumption to say that Linde as president of the corporation and as a layman would understand and grasp the significance of the language of the pretrial order, which to me and apparently to the trial court was not as restrictive as the majority holds inasmuch as the city's pretrial memorandum made reference to the corporation's possession of the leasehold, which, of course, pertained to the "second count"; but if he did then the corporation was charged with knowledge that the pretrial order, as the majority holds, was subject to amendment at the trial, which the corporation was also notified would be held on July 20, 1966, and I reiterate that the corporation stayed away from that trial at its peril. Furthermore, the contention was never raised in the trial court and thus is not properly before us.

By way of summarizing the circumstances in this case as clearly disclosed by the record and as bearing upon the conduct of the corporation, I emphasize the fact that the corporation ignored the trial court's order to appear at the pretrial conference; it purposely failed to attend the trial of the case on July 20, 1966; on January 17, 1967, it again entered a general appearance in the proceeding; it was not then asserted that it was prejudiced by the language of the pretrial order; no objection was ever raised to the claimed defective service of the amended complaint; leave was not sought to file an answer to the amended complaint; it was not suggested to the trial court that the corporation had a defense to the claim advanced by the city; and it requested no continuance of the proceedings had on January 17, 1967, for any purpose.

All of this indicates to me that the corporation was simply trifling with the trial court, and I cannot see where the ends of justice require that this court on its own overlook the machinations of the corporation and grant to it relief which was never requested from the trial court. The circumstance to me makes appropriate another pronouncement made in the case cited by the majority as general authority for the position taken on service of the amendment, Timmons v. United States, 4 Cir., 194 F.2d 357, 361, to the effect:

"It would be an intolerable obstruction to the administration of justice if a party should be permitted to remain silent or absent himself during the trial of a case and subsequently, after judgment had gone against him, to question for the first time the regularity of the proceedings. Especially is this true when, as in the instant case, the effort to strike out the judgment is based entirely on procedural irregularity and no defense on the merits of the case is offered. * * *"

Reverting to the proposed disposition of the case, I would agree that the trial court could not by the nunc pro tunc order relate the judgment entered against the corporation back to July 20, 1966, for the reason that no judgment against the corporation had theretofore been announced or entered. The effort so to do, however, does not in my opinion void the judgment. The designation of the judgment as one entered nunc pro tunc can be disregarded as a misnomer, Arnold v. State, 76 Wyo. 445, 306 P.2d 368, 374, 65 A.L.R.2d 839, and the order and judgment appealed from treated simply as the entry of a judgment against the corporation based upon the trial court's findings and conclusions drawn from its recollection of the evidence produced by the city at the trial of the case. Absent the record of that trial, the trial court's recollection of the evidence is conclusive, Holmes v. Holmes, 66 Wyo. 317, 211 P.2d 946, 951, and it must be assumed that there was substantial evidence to support the trial court's findings and conclusions. I would modify the judgment by eliminating the language attempting to make it effective on July 20, 1966, and as so modified I would affirm.