**Lorna J. BOODE, Appellant
(Plaintiff below),**

**Jack Wolfe, Appellant (Defendant below),**

**v.**

**ALLIED MUTUAL INSURANCE COMPANY, Appellee (Garnishee below).**

**No. 3728.**

Supreme Court of Wyoming.
Sept. 16, 1969.
Rehearing Denied Nov. 3, 1969.

R. G. Diefenderfer and Bruce P. Badley, Jack Wolfe, Sheridan, for appellants.

Edward E. Murane and Murane, Bostwick, McDaniel & Scott, Casper, for appellee.

Before GRAY, C. J., and McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Although the initial circumstances giving rise to this litigation—the injury of a motor vehicle passenger and financial responsibility for the damage suffered—are routine and similar to those frequently encountered, the procedures and responses here employed by the parties to solve those problems, including two intertwined actions with a subsequent garnishment and numerous ramifications, are unusual and somewhat confusing. Consequently, it is desirable that the factual and the procedural aspects be viewed separately as well as in dual perspective.

## THE FACTS AND PROBLEMS

On the night of Saturday, November 25, 1961, Lorna Boode was seriously injured in a one-car crash on Highway 14 between Ucross and Sheridan, while riding in an automobile owned and driven by Jack Wolfe, a lawyer for whom she worked as legal secretary, Mondays through Fridays. At the time of the accident, the two were returning to their respective homes after having gone to Ucross, some twenty-nine miles from Sheridan that day in Wolfe's car, he having left his car there and proceeded some thirty-one miles further to Arvada in the vehicle belonging to a prospective purchaser of a drilling rig from an estate represented by Wolfe, having thereafter returned to Wolfe's car in Ucross and in it the two having gone approximately two and a half miles to his mother's ranch, there negotiating with each other regarding his purchase of a horse from plaintiff; and then having returned to the highway and being en route home. The evidence presented no challenge of Mrs. Boode's testimony as to the driver's negligence, her injuries, or the extent thereof, and these are not here in issue.

## THE PROCEDURES

While the present appeal relates directly only to the judgment arising from the garnishment proceedings, it grows out of and is affected by many occurrences surrounding and subsequent to the accident and particularly to the actions and filings in the court.

Shortly after the accident, the Allied Mutual Insurance Company filed a Form SR 21 (Notice of Policy Under Section 5 of Wyoming Motor Vehicle Safety Responsibility Act), and about that time requested a statement from Wolfe concerning the circumstances surrounding the crash, which he gave in the form of a letter to insurer's counsel. Thereafter he wrote them again stating, "If the company still refuses to pay this claim, I think we should dispense with any fictitious suit of Mrs. Boode against me and proceed with a declaratory judgment with a jury to determine the facts here in issue."

About two years later, Mrs. Boode filed a complaint in tort (No. 14256) in the District Court of Sheridan County against Wolfe, claiming damages, which complaint was answered by counsel for the insurance company with a general denial and a further defense that plaintiff was at the time of the accident a guest of Wolfe.

Simultaneously, the insurance company filed a declaratory judgment action (No. 14284) against Mrs. Boode and Wolfe, alleging the occurrence of the accident and the institution of the tort suit. It asserted that Wolfe had "tendered to this * * * Company * * * the defense of that litigation under the terms and provisions of the * * * insurance issued by this plaintiff to defendant Jack Wolfe," contended that under the facts and circumstances of the accident the company's policy was not effective for Mrs. Boode because of the exception in Part I, paragraph (e) of the exclusions, and requested that the tort action be stayed until the matter should be determined in the declaratory judgment suit.

Mrs. Boode filed a separate answer, asserting that the complaint did not state a claim upon which the relief prayed for could be granted, denied that there was a justiciable controversy between plaintiff and herself and alleged affirmatively that the in-

surance company by reason of having accepted the defense of Wolfe in the tort suit was estopped from contending that it owed him no defense therein.

Wolfe answered, denied generally, alleged that no justiciable controversy was presented by the complaint, which failed to state a claim upon which relief could be granted, asserted that he had complied with the provisions of his policy and further that the issues raised in the declaratory action complaint were the same as those in the tort action.[1]

Pretrial order in the declaratory judgment action recited among other things the stipulation and agreement between counsel for the respective parties that:

1. The issues therein were whether or not (a) Mrs. Boode was an employee of Wolfe at the time of the accident and (b) plaintiff was estopped to deny that it had a duty to defend Wolfe; and

2. Any and all evidence in that case might be admitted in the tort action if the same were tried.

The court in compliance with a motion of the insurance company dismissed its action against Mrs. Boode without prejudice. Subsequently the court proceeded with the trial of the declaratory judgment action against Wolfe, at the conclusion of which a judgment was entered dismissing the complaint.

Some two years later the court proceeded with trial in the tort action and on August 19, 1966, entered findings of fact that the primary purpose and object of the trip at the outset and at the time of the accident was to consummate legal business for and on behalf of Wolfe, that Mrs. Boode accompanied him for the purpose of assisting him in that object, was acting in the capacity of legal secretary and therefore as an employee or servant of defendant at the time of the accident; that the side trip off the highway to the ranch for the purpose of inspecting and purchasing a horse was incidental to the trip, was terminated when the car driven by the defendant arrived back at the main highway and the trip was resumed to Sheridan, and at the time of the accident the primary purpose of the trip had been renewed; and that the defendant had been negligent in various respects. It entered conclusions of law that defendant's negligence had been the cause of the accident and the injuries to plaintiff and that plaintiff as an employee of defendant was a passenger in the automobile and not a guest—giving her judgment and permitting proof of her damage at a separate trial. Shortly thereafter the two attorneys for the insurance company who had been acting in defense of Wolfe moved the court for permission to withdraw as counsel. Wolfe filed objections to the motion but the court did not act thereon, calling attention to that fact in its later judgment.

Subsequently, the court proceeded with the damage aspect of the trial in the tort action and entered judgment awarding Mrs. Boode $10,249.69. She appealed the judgment, objecting to the findings of the trial court that at the time of the accident she was engaged in her duties as an employee of defendant, but was refused relief. Boode v. Wolfe, Wyo., 430 P.2d 119.

Immediately following the mandate affirming the judgment, Mrs. Boode proceeded with garnishment against the insurance company, which answered, denying any indebtedness under the policy. Both she and Wolfe filed separate traverses, she alleging the sole issue raised in the tort case was whether Wolfe was transporting her as a passenger for hire and on a joint enterprise at the time of injury; that the court had found her not to be a guest; that the company was estopped to deny its liability because of the filing of Form SR 21; and that it was obligated to her in the amount of judgment. Wolfe alleged the company to be estopped from denying liability because of its having filed the SR 21 and its attorneys having assumed full and complete control of the defense on his behalf and in

---

1. In the trial of the cause, the court permitted the answer to be amended to include estoppel as a defense.

,breach of obligations to act in his best interests obtained a finding of fact that plaintiff was acting in the capacity of a legal secretary, asserting that the finding as to her being an employee was outside of the scope of the issues, and that § 31–306 (e), W.S.1957, C. 1967, and Part I, paragraph (e) of the insurance policy exclusions must be construed to be applicable only for the purpose of avoiding multiple recovery, otherwise the statute was unconstitutional.

Thereafter all counsel stipulated in writing that the entire record in the tort action, all transcripts of testimony therein, including the entire record in the declaratory judgment action and all documents relating thereto, might be considered by the court and become a part of the proceedings in lieu of presenting further evidence.

The court entered judgment against Mrs. Boode and in favor of the insurance company, finding inter alia that at the time of the accident she was in the course of her employment with the insured as a legal secretary, that the primary purpose and object of the trip was to perform duties as a legal secretary for him, that they were on the return trip to Sheridan at the time of the accident and her employment had not terminated, that the side trip off the main highway to the ranch to inspect and possibly purchase a horse was incidental and secondary to the primary purpose of the trip, and that such side trip or diversion was terminated when the car arrived back on the main highway and the trip resumed to Sheridan, the main purpose of the trip then being renewed.

Mrs. Boode and Wolfe filed separate appeals.

## MRS. BOODE'S APPEAL

■ Appellant's sole contention that the judgment is unsupported by the evidence and is contrary to law is seriously impaired by her erroneous assumption that the only issue ever presented by the pleadings was whether or not she was a guest of Wolfe at the time of the injuries. While she is literally correct in her statement, and the only issue in the original pleadings in the tort action was that of her being a guest— the point raised by defendant's answer, she overlooks the stipulation contained in the unquestioned declaratory judgment pretrial conference report that the issues there included whether or not she was an employee of Wolfe at the time of the accident and the further stipulation therein that all evidence admitted in the declaratory judgment action could be admitted and used in the tort action. The pretrial order, under the provisions of Rule 16, W.R.C.P., supersedes the pleadings. Stafos v. Missouri Pacific Railroad Company, 10 Cir., 367 F.2d 314, 319; Beck v. Sampson, 158 Me. 502, 186 A.2d 783, 788; see Dixon v. Credit Bureau of Douglas, Wyo., 419 P.2d 707, 709. Moreover, any assumption that the only issue presented in the pleadings was the guest relationship is contrary to the sense of the later stipulation between appellant and the garnishee that the documents filed in the district court and the entire record in the declaratory judgment action might be considered and be a part of the record in the garnishment proceedings, which stipulation was entered after the garnishee answered denying any policy indebtedness to Wolfe; the traverse of Mrs. Boode, referring to the tort action; and the traverse of Wolfe, raising among other things the alleged impropriety of considering the employee relationship.

The thrust of Mrs. Boode's contention that the judgment is unsupported by the evidence and contrary to the law centers around the fact that although she was employed as a legal secretary by Wolfe the uncontradicted testimony was that she went on the trip to Arvada strictly as a favor and that the portion of the journey which involved traveling to the Wolfe ranch was for the mutual benefit of herself and Wolfe in regard to the horse deal. Since she fails to present cogent argument showing that the trial court was not justified in finding the part of the trip relating to the horse deal was completed at the time the automobile

returned to the main highway, we will not address ourselves to that aspect.

Appellant directs attention to the rule enunciated in Beck v. Givens, 77 Wyo. 176, 309 P.2d 715, 717, 313 P.2d 977, and referred to in Twing v. Schott, 80 Wyo. 100, 338 P.2d 839, 841, that testimony which stands uncontradicted and unimpeached cannot be ignored by a trial court. Initially we must observe that the testimony upon which Mrs. Boode relies is no more than mere opinion, and this court has previously stated that a trial juge is entitled to disbelieve uncontradicted testimony, particularly that part based upon opinion where there were facts and circumstances tending to discredit it. Wyoming Wool Marketing Association v. Woodruff, Wyo., 372 P.2d 174, 180, 3 A. L.R.3d 802. A careful scrutiny of the record here certainly shows more than that Mrs. Boode made the trip to Arvada as a favor. Although she denied ever having worked for the law office on a Saturday, her employer testified that she had on occasion. Both he and she said that she did some typing on the contract that Saturday morning when she came to the office about eleven o'clock. He stated that she was invited to go along for three reasons:

"First, if there were any changes; secondly, as I previously told you, she was somewhat of a stabilizing influence on Zella [Wolfe's client], and I did anticipate a little * * * difficulty in regard to that matter; and, thirdly * * * Lorna and I had been discussing for some time the purchase of the horse that was out at the ranch."

She said that Suranyi, the prospective purchaser of the rig, and Wolfe "seemed to think that I could talk Zella into signing when they couldn't. She was an obstinate soul sometimes." When asked if she had any particular influence with Wolfe's client she said she had been a friend for many years and sometimes did have influence on her. An attempt was made to show that Mrs. Boode had been paid five dollars by Suranyi but on cross-examination he denied this. The way she had been hired and the method of payment by her employer may well have been a matter which received weight in determining the pivotal question of whether or not the accident arose in the course of her employment. Wolfe said she first started working in 1960 on a trial basis for one dollar an hour; in 1961 was paid approximately fifty dollars per week, which was not paid regularly; that at times she did work after-hours but was not paid extra for it; and that she occasionally worked on Saturdays. Asked if she took a half day off sometimes would he compensate her for that time, he said, "I don't pay too much attention to it. * * * Because we didn't have an orderly basis in that sense. * * * You may see that my checks are quite haphazardous."

It would seem that the trial court was entitled to consider such testimony and that appellant's counsel is unjustified in restricting the principal rule so as to exclude factors unfavorable to her. Under the circumstances, we are unable to say that the judgment is unsupported by the evidence and contrary to law.

## WOLFE'S APPEAL

This appellant adopts as his own the brief and argument of Mrs. Boode, which contentions have already received adequate treatment. Additionally he presents four other bases for appeal, which we will consider separately.

His first charge is that the court erred in assuming the judgment rendered in the tort action was conclusive in the garnishment proceedings since the parties were not identical, the issues were distinct, and there could be no estoppel even if pleaded by the insurance company. He says the question of whether the judgment in the tort action is conclusive as to the employee relationship has already been decided by the concurring opinion, Boode v. Wolfe, supra, 430 P.2d at 121. However, nothing can be "decided" by a concurring opinion, which although entitled to consideration is not within the rule of stare decisis nor a deci-

sion of the court. Lendsay v. Cotton, Fla. App., 123 So.2d 745, 746, 95 A.L.R.2d 1029; Kirk v. Kansas City, Mo.App., 128 S.W.2d 1128, 1133. In any event, appellant fails to convince us that the trial court assumed the initial judgment in the tort action was conclusive in the later garnishment proceedings.

Appellant charges that the court erred in its conclusion of law to the effect that the injured party received her injuries while acting within the course of her employment and was therefore within the exclusionary clause. In dealing with Mrs. Boode's appeal, we have already discussed the question of the sufficiency of the evidence to support the judgment as well as the prerogative of the court in evaluating and applying the evidence; and no further reference need be made to any contention in that regard. Although appellant refers to several cases where the question of the injured person's employment was germane to the respective opinions, all tending to hold the doctrine of respondeat superior was inapplicable, none are sufficiently similar to have a bearing on the present appeal. A full consideration of this question indicates that there is no merit to this charge of error.

Appellant sets out various acts of the insurance company on which he relies as estopping it to deny liability, the Form SR 21; the filing of answer in his behalf in the tort action, alleging defense of a guest; the dismissal in the declaratory judgment action of Mrs. Boode as a defendant; the assuming of his defense in the tort action; and the later withdrawal of attorneys from the cause without an order of the court.

■ The cases cited as authority for the charge of estoppel are all distinguishable since each is predicated on the assumption by the insurance company of the full control of the defense and the abandonment of all control of the suit to the insurance company. Here the correspondence indicates that shortly after the accident and long before any litigation was commenced the company disclaimed liability on the ground of the exclusion by reason of Mrs. Boode's employment, that Wolfe said if the company still refused to pay the claim he thought they should dispense with any fictitious suit by Mrs. Boode against him and proceed with a declaratory judgment action with the jury to determine the facts in issue. When the suit was filed by her, the company answered, simultaneously filing the decaratory judgment action as suggested by Wolfe. He thereafter appeared as a party at the hearing, acting pro se as well as presenting testimony. He thus was aware of the original action, participating in it without objection. An estoppel arises by words or conduct inducing one who is ignorant of true facts and entitled to rely on such words or conduct to believe and act on them to his injury. McCarthy v. Union Pac. Ry. Co., 58 Wyo. 308, 131 P.2d 326, 330. Under the circumstances here present we are unable to perceive how the insurance company is now estopped to deny liability by the legal steps it took.

The Form SR 21 filed by the company, after providing information as to the date and place of accident, description of the car driven and its owner-operator, merely gave notice of the policy issued to Wolfe, affording the extent of its limits, and indicated its applicability to the owner-operator. A photostat of this form was reproduced in Wyoming Farm Bureau Mutual Insurance Company v. May, Wyo., 434 P.2d 507, 513, and that case makes clear that no such report can vary or enlarge the coverage provided by an insurance contract. It is difficult to comprehend therefore how any estoppel could have been effected by this filing.

■ The appellant argues the trial court erred in its conclusion that § 31–306(e) is not unconstitutional and Part I, paragraph (e) of the insurance contract exclusions is not contrary to public policy. We are unadvised in the brief or argument of any relevancy or connection between the mentioned section of the statute and the litigation in question. True, the exclusion

follows the wording of the statute, but with that exception we observe no pertinency whatever in this case to the mentioned section. It follows that the question of constitutionality is not properly raised, which fact makes inapplicable the cited case of State ex rel. Sampson v. City of Sheridan, 25 Wyo. 347, 170 P. 1, 1 A.L.R. 955, dealing with classification. Appellant, conceding the existence of numerous cases upholding such a provision, makes no effort to substantiate by authorities or precedent his charge that the exclusion is contrary to public policy and instead relies upon general argument, which we do not consider merits a response.

Affirmed.

McEWAN, J., not participating.

McINTYRE, Justice (dissenting).

On the basis of the facts related in the majority opinion, I would hold the trial court erred in its conclusion that Mrs. Boode received her injuries while acting within the course of her employment.

The evidence, as I review the record, shows clearly that all travel in Wolfe's car had to do with the horse transaction between Wolfe and Mrs. Boode. When they met the prospective purchaser of the drilling rig at Ucross and from that point went with the prospective purchaser in his automobile to Arvada and back to Ucross, they were then, in my opinion, on a side trip which was legal business.

To me, it is significant that different vehicles were used for the different purposes. Inasmuch as Suranyi, the prospective purchaser of the drilling rig, was in Wolfe's office before driving to Ucross, it would appear the horse transaction was the primary consideration in causing Wolfe and Mrs. Boode to take Wolfe's car to Ucross, where they met Suranyi and rode from there to Arvada and back with Suranyi.

The insurance company seeks to avoid liability under an exclusionary clause of the insurance policy, and it has the burden to show the clause clearly applies. In my opinion, the insurance company failed to present any cogent argument showing that the part of the trip relating to the drilling rig deal was not completed when Suranyi returned Wolfe and Mrs. Boode to Ucross, where he had picked them up.

I would reverse the holding that the insurance company is relieved of liability.